RACHEL JONES N. JOHN ASHFORD.

*Guaranty.*

1. The distinction between a guaranty for the payment of a debt and a guaranty for the collection of the same is clear and well defined. The former is an absolute promise to pay the debt at maturity if not

paid by the principal debtor, and the guarantee may bring an action on default of payment at the day named against the obligor. The latter is a promise to pay the debt upon the condition that the guarantee shall diligently prosecute the principal debtor without success.

2. What amounts to due diligence in any given case is a question of law for the Court.

3. The diligent and honest prosecution of a suit to judgment, with a return of *nulla bona* to the execution issuing thereon, has always been regarded as one of the extreme tests of such diligence, and this Court adopts it as such.

4. An agreement in writing "to guaranty the payment" of a certain note to a party named, "and in case she fail to recover the money on said note," to pay the principal, interest and costs thereon, is merely a guaranty for the collection of the note.

(*Hyman* v. *Devereux*, 63 N. C. 624, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1877, of Sampson Superior Court, before *Seymour, J.*

On the 6th of March, 1869, the defendant sold and conveyed to one B. L. Scott a tract of land. Scott gave his note for the purchase money, and secured its payment by a mortgage on the land. On the 15th of May thereafter, the defendant assigned the note to the plaintiff without endorsement, and at the same time gave the plaintiff a paper writing in the nature of a guaranty, by which the defendant agreed to guarantee the payment of the note in case the plaintiff failed to collect it.

At the time of the assignment, the defendant proposed to John H. Jones, the agent of plaintiff, who arranged the matter with defendant for his mother, to transfer the note and mortgage without any guaranty, which was declined by Jones, who said that he preferred the guaranty of defendant to the mortgage, and thereupon the assignment was made with the guaranty as aforesaid.

The plaintiff obtained judgment on the note, and sold Scott's equity of redemption under an execution issuing

---

---

thereon for $84, and then brought this action on the guaranty for the balance due on the note.

On the trial the only question was,—whether the rights of the defendant under the mortgage passed to the plaintiff by virtue of the assignment of the note, and if so, whether the plaintiff could maintain this action without and before a foreclosure of the mortgage. The question was reserved, and after a verdict for plaintiff, His Honor being of opinion with plaintiff, gave judgment accordingly, and the defendant appealed.

*Messrs. W. S. & D. J. Devane,* and *D. L. Russell,* in their argument for plaintiff, cited 2, Parson's on Notes and Bills, 142; *Day* v. *Elmore,* 4 Wis., 215; 1 Jones on Mortgages, § 817, and authorities there cited.

*Messrs. Battle & Mordecai,* for defendant: The mortgage passed to plaintiff, *Hyman* v. *Devereux,* 63 N. C., 624; *Miller* v. *Hoyle,* 6 Ire. Eq., 269. Diligence of plaintiff before guarantor liable, Addison on Contracts, § 1125; *Towns* v. *Farrar,* 2 Hawks, 166; *Eason* v. *Dixon,* 2 Dev. & Bat., 78; and Court can declare as matter of law that plaintiff has not used due diligence, *Battle* v. *Little,* 1 Dev., 381.

FAIRCLOTH, J. The defendant held a promissory note against one Scott, secured by a mortgage on real estate. He transferred said note for value to the plaintiff without endorsement, and at the same time agreed in writing " to guarantee the payment of the aforesaid note to the said Jones, and in case she fails to recover the money on said note, that I (he) will pay to her the principal and interest and costs due thereon." At the time of the transfer, the defendant proposed to plaintfff to transfer the note and mortgage without any guaranty, but the plaintiff declined this arrangement, saying, that she preferred the guaranty of defendant to the mortgage. Judgment and execution were had on the note against Scott, under which only $84

could be realized, and this amount is credited by plaintiff on her claim. She now demands payment from the guarantor, and he insists that she was bound to foreclose said mortgage before calling on him.

The first question discussed in this Court was whether the mortgage, under the circumstances in this case, passed to the plaintiff with the transfer of the note. It is well settled that the assignment of a note passes to the assignee, the mortgage or any other collateral security, unless the parties agree otherwise. *Hyman* v. *Devereux*, 63 N. C., 624.

Without discussing the question, we will assume that the mortgage and all the rights and remedies thereunder did pass to the guarantee and consider the main question, which is,—has the guarantee performed the condition precedent to her right to sue the guarantor? In contracts of this kind the distinction between the guaranty of the *payment* of a note, and the guaranty for the *collection* of a note, or debt, is well marked out in the books and adjudications on this subject. The former is an absolute promise to pay the debt at maturity if not paid by the principal debtor, and the guarantee may begin an action at once against the guarantor. The latter is a promise to pay the debt upon the condition that the guarantee shall diligently prosecute the principal debtor without success.

We think the present case belongs to the latter of the above classes, and that the rule applicable to the case derived from the contract, is that if the guarantee can not collect by due and reasonable diligence, the guarantor will pay. What amounts to due diligence, is a question for the Court to decide in each case upon the facts found or admitted. Suppose a case of guaranty for collection, and before the maturity of the debt, the principle debtor should reside and remain in a distant State. It would not be reasonable to require the guarantee to go there and pursue the collection. Suppose the principal debtor can be shown by suffic-

ient proof to be entirely and utterly insolvent at the ma-
turity of the debt, and to continue so. This would seem to
satisfy the demand of due diligence and excuse any legal
proceeding whatever. To sue would benefit no one. It
would be a vain thing, and would incur useless expense and
trouble. The usual mode of collecting money on a note is
by judgment, and execution, and there is nothing in the
agreement to indicate that the plaintiff was to pursue more
than the usual remedies. Foreclosure of a mortgage is
generally dilatory and troublesome, and this may have been
the reason why the plaintiff would not purchase without
defendant's guaranty. In *Camden* v. *Doremus*, 3 Howard,
515, it is held that " the diligent and honest prosecution of
a suit to judgment with a return of *nulla bona* has always
been regarded as one of the extreme tests of due diligence."
The guarantee is only required to employ the usual legal
means of collecting, and this is all that is implied in the
agreement if " she fails to recover the money on said note."
The only case we find directly in point is reported in 4 Wis-
consin, 214, *Day* v. *Elmore*, where it is said " that the return
of the execution unsatisfied is evidence of the exhaustion
of the legal means of collection. The guarantee is not
obliged to pursue rights, credits, &c., by collateral or unus-
ual remedies." In this case it was expressly decided that
the guarantee was not compelled to foreclose a chattel mort-
gage after judgment and execution unsatisfied before his
right of action arose against the guarantor. 2 Parson's on
Notes and Bills, 142; *Brockett* v. *Rich*, 23 Amer., 703.

Our opinion then is that plaintiff may recover, and that
the defendant will be subrogated to the rights and remedies
of plaintiff under the mortgage.

Let judgment be entered here for plaintiff.

No error.

PER CURIAM.                     Judgment affirmed.