ALVIN ROYAL ET AL. v. MRS. GEORGIA A. SOUTHERLAND ET AL.

(Filed 17 March, 1915.)

1. **Husband and Wife—Wife's Separate Property—Suretyship of Wife—Direct Obligations—Interpretation of Statutes.**

A wife by becoming surety on the obligations of her husband creates a direct and separate liability to the creditor of the husband which makes her personally responsible, under chapter 109, Public Laws of 1911, known as the Martin Act, without requiring the statutory formalities necessary to the validity of certain contracts made directly between the wife and her husband.

2. **Same—Constitutional Law.**

The State Constitution, Art. X, sec. 6, providing that the separate property of the wife shall not be liable for the debts of the husband, has no application to the obligation of the wife as surety of her husband, such obligation being regarded as a direct one between the creditor and herself within the intent and meaning of the Martin Act, ch. 109, Public Laws of 1911.

3. **Husband and Wife—Wife as Surety—Fraud—Trials—Evidence.**

In an action to recover on a note given under seal by the husband as principal and his wife as surety, representations made to the wife by the husband, unknown to the creditor, can afford no evidence of fraud in the procurement of the instrument set up by the wife as a defense.

4. **Husband and Wife—Wife as Surety—Contracts, Written—Parol Evidence—Statute of Frauds.**

Where the wife signs as surety on a note of her husband, which she further secures by a mortgage on her lands, evidence on behalf of the wife that she only intended to pledge her land for the payment of the debt is in contradiction of the note, and is incompetent as contradicting the written instrument by parol evidence.

5. **Husband and Wife—Married Women—Actions—Parties.**

Chapter 109, Public Laws of 1911, known as the Martin Act, in conferring on married women the right of freedom of contract, carries with it the privilege of suing and being sued alone.

APPEAL by *feme* defendant from *Daniels, J.,* at August Term, 1914, of SAMPSON.

Civil action to recover balance due on a note under seal, executed by *feme covert* defendant with her husband, R. B. Southerland, as his surety. The note was given for $1,000, and to secure same a second mortgage on the wife's land was also executed. The land having been sold under decree of foreclosure, the sum of $757.50 was realized thereon as the portion applicable to the present note, and this sum having been properly entered as a credit, there was recovery against the *feme* defendant for the balance due. Judgment on the verdict for balance due on note, and defendant excepted and appealed, assigning a number of errors.

*B. H. Crumpler for plaintiff.*
*John D. Kerr for defendant.*

HOKE, J.   The statute of 1911, ch. 109, known as the Martin Act, authorizes married women to contract and deal as if they were unmarried except in reference to conveyances of real estate and as to contracts between the husband and the wife, in both of which cases certain formali-. ties are required to· make these conveyances and contracts efficient and binding.

It is the obvious intent and meaning of the statute that a *feme covert* may bind herself by her ordinary contracts (*Lipinsky v. Revell,* 167 N. C.,.508), and we see no reason why the privilege or capacity does not extend to contracts of suretyship for her husband when the same are otherwise valid; and the same view has prevailed in other States having laws of similar import. *Pelzer v. Campbell,* 15 S. C., 581; *Major v. Holmes,* 124 Mass., pp. 108-109; *May v. Hutchinson,* 57 Maine, 547.

This is not primarily a contract between the husband and the wife, but, so far as this statute is concerned, is to be properly considered as one between the husband and wife on the one part and the creditor on the other.

It is urged that to allow recovery on the facts presented would be in contravention of Article X, sec. 6, of our Constitution, which provides that the "real and personal property of any female in this State, acquired before marriage, and all property, real and personal, to which she may, after marriage, become in any manner entitled, shall be and remain the sole and separate estate and property of such female and shall not be liable for any debts, obligations, or engagements of her husband," etc.

The purpose of this section was to protect the estate of the wife from liability for her husband's debts arising under the common law by reason of the coverture, but it was not intended by that section to protect the property from her own obligations. *Vann v. Edwards,* 135 N. C., 661; *Brinkley v. Balance,* 126.N. C., 393.

By the enactment of the Martin Act, conferring the capacity to contract on married women as if they were *femes sole,* when she signs and delivers a note, though it may be as surety, in reference to the creditor or holder the obligation is hers and not his, and the constitutional provision referred to has no application.

It was further contended that his Honor committed error in excluding testimony tending to show certain representations on the part of the husband to the wife as to the effect of putting her signature on the note, but there is no claim or suggestion that these representations were made known to the payee of the note or that he had any part in them.

The note is under seal and given for valuable consideration, and, under the circumstances appearing, the representations to the wife by the husband may not be allowed to affect the creditor.

Again, it is insisted that error was committed in not allowing the *feme* defendant to testify that in signing the note and mortgage to secure the same she only intended to pledge her land for the debt, and did not intend to come under any further obligation; but this would be in express contradiction of her written note, and it is well understood that when the entire agreement is in writing and the language is clear and meaning plain, the same may not be contradicted or varied by parol. In such case, and in the language of the *Chief Justice* in *Walker v. Venters,* 148 N. C., 388, "The written word abides." *Deering v. Boyles,* 8 Kans., 529.

There seems to be no question of parties raised in the record, but there is high authority for the position that in conferring on married women the absolute freedom of contract the right carries with it the privilege and liability of suing and being sued alone. *Paterson v. Franklin, ante,* 75; *Lipinsky v. Revell,* 167 N. C., 508; *Worthington v. Cooke,* 52 Md., pp. 297-309.

We find no error in the record, and the judgment in plaintiff's favor is
Affirmed.