C. E. ESTES v. ARTHUR RASH AND WIFE, MAMIE RASH.

(Filed 8 December, 1915.)

**1. Process—Want of Service—Judgments—Motions—Appeal and Error.**

A motion to set aside a judgment rendered in the court of a justice of the peace, made before that court, for failure of service of summons, is proper; and where the magistrate has found as a fact that there had been proper service of the summons, which is confirmed in that respect on appeal to the Superior Court, but the judgment is set aside on another and jurisdictional ground, the appeal involves only the question of the proper service of the summons, and, on appeal to the Supreme Court, the Superior Court judgment will be set aside and leave in force the magistrate's judgment.

**2. Judgments—Motions to Vacate—Meritorious Defense.**

Where, on appeal from a judgment rendered in the lower court, it is held that the judgment is a nullity, it is unnecessary for the defendant to show that he has a good and meritorious cause of action for a new trial to be ordered.

**3. Appeal and Error—Rules of Court—Pauper Appeals—Briefs—Records.**

An appeal to the Supreme Court will be dismissed if the appellant fails to comply with the new rules of practice therein, requiring that appellant, in pauper appeals, when docketing the appeal, shall file six typewritten copies of the record, including case on appeal and briefs; and that the brief of the appellant be prefaced by a clear and concise statement, showing the nature of the case and the facts bearing upon the assignments of error; and this is required whether the appellant may have received notice of the rule from the Supreme Court clerk or not.

APPEAL by defendant from *Adams, J.,* at July Term, 1915, of AVERY.

Civil action tried before a justice of the peace and carried to the Superior Court of Avery County, by appeal of the *feme* defendant from the denial of a motion by her to set aside the judgment of the justice, and heard in the latter court.

*J. W. Ragland for plaintiff.*
*L. S. Benbow for defendant.*

WALKER, J. The question in dispute was whether the summons had been served on the defendant, Mamie Rash. Affidavits were filed by the respective parties. The justice found as a fact that the summons had been duly served, and refused to set aside the judgment, and defendant appealed. In the Superior Court the motion was heard upon the affidavits, and the judge also found as a fact that the summons had been duly served. The officer to whom the process had been directed returned thereon that it had been received by him on 23 June, 1914, and served on both defendants, naming them, at 7 o'clock p. m. on the same day. The judge held that the defendants' remedy was by a civil action, and

not by a motion, upon the ground, we assume, that the defense to the action which is set up by the *feme* defendant indicated that she intended to show, by parol evidence, that she signed the mortgage on the land of her husband for the purpose of releasing any marital interest she had in the same and not for the purpose of becoming bound for the debt, and, as this varied and contradicted the written contract, it could not be done (*Royal v. Southerland,* 168 N. C., 405), but the *feme* defendant should have proceeded beforehand by an action to have the instrument which evidenced a promise to pay the debt corrected or reformed so as to express the true intention of the parties, if it had been otherwise written by their mistake, or by her mistake, induced by the fraud of the other party. But the court having found that the summons had been duly served, it was not necessary to decide any other matter, as this finding was quite sufficient to dispose of the appeal from the justice. The defendant could proceed by motion to have the judgment set aside. *Everett v. Reynolds,* 114 N. C., 366; *Insurance Co. v. Scott,* 136 N. C., 157. *Currie v. Mining Co.,* 157 N. C., 217, and the more recent cases of *Ballard v. Lowry,* 163 N. C., 487, and *Lowman v. Ballard,* 168 N. C., 16, in the last of which the subject is fully discussed by *Justice Hoke* with a full citation of authorities.

"If the judgment is rendered in the absence of the defendant, and the process is defective, or there is the appearance of service when in fact there was none, the defendant may move before the justice to set the judgment aside." *Thompson v. Notion Co.,* 160 N. C., 525. But while we hold that the remedy was the proper one, the justice and judge having found the fact against the defendant, there was nothing left to do but to refuse to set aside the judgment, affirming thereby the decision of the justice. The plaintiff suggests that defendant has not shown, *prima facie,* that she has a valid or meritorious defense (*Stockton v. Mining Co.,* 144 N. C., 595; *LeDuc v. Slocomb,* 124 N. C., 351; *Pepper v. Clegg,* 132 N. C., 313), and he asks, why set aside a judgment if the court must immediately render the same judgment again? Will the law do a vain thing? *Minton v. Hughes,* 158 N. C., 587. But these cases have no application here, as the ground of the motion is that the process was not served on the *feme* defendant, and as this has been found to be the fact, it was void as to her, a mere nullity. In such a case it is not required that the party against whom the judgment was entered, and of whose person the court had not acquired jurisdiction, should show merits. *Flowers v. King,* 145 N. C., 234.

Where the ground of the motion to vacate the judgment is irregularity or excusable neglect, it must be shown, at least *prima facie,* that the party has a valid defense, as the above cited authorities will show. See, also, *Becton v. Dunn,* 137 N. C., 559, 562; *Wolfe v. Davis,* 74 N. C., 597. This is not so where the judgment is void for want of jurisdiction. Black

on Judgments, sec. 348; *Dobbin v. McNamara,* 113 Ind., 54; *Roberts v. Pawley,* 50 S. C., 913.

So it follows that we would affirm the judgment should we consider the case upon the legal merits involved in the motion, but we must dismiss the appeal for noncompliance with the recent rule of this Court requiring the clerk to notify all those who appeal *in forma pauperis,* when docketing appeals, to file six typewritten copies of the record, including case on appeal and briefs, for the use of the clerk and the judges of this Court. We have found it necessary to adopt this rule in order that we may intelligently transact the business of the Court, by a fair understanding of the case as the argument of counsel proceeds. All briefs of appellants should be prefaced by a clear and concise statement, showing the nature of the case and the facts bearing upon the assignments of error. The rule of this Court positively *requires* this to be done, and we again direct attention to it, as it has not been observed in many cases, and it must be complied with. A brief not containing such a statement does not conform to the rule, and hereafter the latter will be strictly enforced, as a compliance with it is so essential in the hearing of causes, and is quite indispensable. This applies to all appeals. Recently we have adopted a rule in regard to filing copies of records and briefs in pauper appeals of which parties and their counsel will take notice, without any special warning from the clerk. There must be, under this rule, six copies each of the record and the appellant's brief. The clerk has informed us that appellant in this case had received notice of the rule, and, not having complied with it, we dismiss the appeal.

Appeal dismissed.