P. H. THRASH AND WIFE v. J. W. OULD ET AL.

(Filed 19 December, 1916.)

**1. Instructions—Verdict, Directing—Admitted Facts.**

In a suit to cancel a mortgage, the defendants set up as a counterclaim an amount due by a bankrupt corporation in the hands of a receiver for goods sold it by the defendant under plaintiff's letter of credit, for the payment of which the plaintiff thereafter executed the note secured by the mortgage sought to be canceled as additional security and not in extinguishment of the original obligation, after deduction for estimated dividends expected to be paid by the receiver. The estimated dividends were in excess of those actually paid, and there being no evidence that the note and mortgage were procured by fraud, and the amount of such dividends and the amount of the original debt being admitted, an instruction by the court that the jury should find that defendants recover on their counterclaim, in a stated sum, the amount of the debt due, less the receiver's dividends paid thereon, was a proper one.

**2. Trials—Evidence—Letter of Credit—Payment—Burden of Proof.**

Where in an action to cancel a note and mortgage the defendants set up as a counterclaim an amount due under plaintiff's letter of credit for goods sold and delivered to another, which letters the plaintiffs admit, but plead payment, the burden of proof is on the plaintiffs to show that the alleged payments had been made.

**3. Contracts—Married Woman—Separate Property—Statutes—Judgments.**

The plaintiff and his wife were controlling owners of a private corporation to whom defendant sold goods, with plaintiff and his wife as guarantors of payment under their letter of credit, given and accepted in good faith. *Held*, it was not necessary that the *feme* plaintiff should specifically have charged her separate property in order to enforce a judgment rendered according to the terms of the guarantee. Ch. 109, Laws 1911.

APPEAL by plaintiffs from *Harding, J.*, at March Term, 1916, of BUNCOMBE.

*Fortune & Roberts for plaintiffs.*
*Merrimon, Adams & Johnston for defendants.*

CLARK, C. J. This action was brought to have a note and deed referred to in the pleadings canceled. The defendant Ould Company

set up as a counterclaim against the plaintiffs, the debt evidenced by the note in question and an open account due the defendants by the Peerless Fashion Stores Company for goods sold them by the defendants upon a letter of credit which the plaintiffs had given as security, and asked judgment therefor.

At the close of the evidence it was agreed that the first issue as to the amount of indebtedness by the Stores Company to the Ould Company at the time the former went into bankruptcy was $1,778.95. The response to the second issue was that the defendants had been paid as dividends in bankruptcy on said indebtedness the sum of $419.65. The third issue, as to what amount the plaintiffs were indebted to the Ould Company "by reason of their guarantee set out in a letter of credit," the judge directed the jury to answer $1,359.30, which is the difference between these two amounts.

The appeal questions the correctness of this instruction. The plaintiffs admitted the execution of the letter of credit, but contended that the Stores Company had paid the Ould Company for all goods covered by said letter of credit; that it was only given for goods to the amount of $5,000, and contended that they were not liable for goods sold in excess of $5,000. J. W. Ould testified that the letter of credit covered balance due on goods sold, regardless of the amount of sales and payments, and the defendants contended that the plaintiffs were liable for any balance due by the Stores Company up to an amount not exceeding $5,000 at any and all times, and as it was admitted that the Stores Company was indebted to the defendant company in the sum of $1,778.95 at the time the Stores. Company were adjudged bankrupt, the plaintiffs were liable for this balance, less the dividends in bankruptcy. These amounts were ascertained without exception in response to the first and second issues.

The letter of credit signed by the plaintiffs and directed to the Ould Company was as follows:

GENTLEMEN:—You are hereby authorized to sell the Peerless Fashion Stores Company, Asheville, N. C., dry goods and notions to the amount of $5,000, same to be charged to the said Peerless Fashion Stores Company from time to time; with the understanding and agreement, however, that at no time shall the amount of their purchase exceed the amount named, namely, $5,000. In the event the said Peerless Fashion Stores Company should fail to pay any bill or bills when due, we hereby waive any right of legal notice as to this debt and agree and bind ourselves to pay same.

Witness our signatures, this 11 January, 1913.

P. H. THRASH,
OLIVE B. THRASH.

Witness: W. M. JONES.

It was in evidence that on 4 February, 1914, just prior to the adjudication in bankruptcy of the Stores Company, J. W. Ould, president of the defendant company, came to Asheville to secure payment of the indebtedness, and as a result the plaintiffs executed the note and deed in trust which they are now seeking to have canceled. The amount of the note was ascertained by estimating that the Stores Company might pay creditors 30 per cent, which was deducted from the amount due the Ould Company at that time, but without releasing the claim for the balance due above the note. As the bankrupt estate paid less than 30 per cent, the balance due was $1,359.30 and interest, as found in response to the third issue, being somewhat more than the face of the note. There was no evidence of fraud on the part of the defendant in procuring said note and trust deed, and the court properly instructed the jury to answer the fourth issue, on the question of fraud, in the negative. To this there is no exception.

The action was evidently brought upon the allegation of fraud in procuring the note and mortgage, but the jury have negatived this, and counsel for defendant stated on the trial that the note and deed of trust were only security for a certain amount of plaintiffs' indebtedness under the letter of credit and not in any way an extinguishment thereof, and consented that they should be canceled. The burden was on the plaintiff to show payment of the $5,000 guarantee, and this was not done, even if the letter of credit extended only to $5,000 of purchases and not to that amount of balance after payments made.

The plaintiffs contend under exception 3, that Olive B. Thrash (who alone is solvent, her husband being insolvent), being a married woman, it was error to render judgment against her for the amount of the indebtedness found due on the third issue, because she had not charged her property specifically with the debt, and the judgment cannot be enforced against her by execution. It appears that P. H. Thrash was president and his wife, Olive B. Thrash, was secretary and treasurer of the Stores Company, and virtually owner of the whole of its capital stock, and that the defendant Ould Company refused to ship the goods unless the plaintiffs would personally guarantee any indebtedness created, and in consequence the letter of credit above set out was signed by both of them and the sales and shipments to the Stores Company were made in faith thereof.

It was enacted, Laws 1911, ch. 109, as follows: "Every married woman shall be authorized to contract and deal so as to affect her real and personal property in the same manner as if she were unmarried." It was held in *Lipinsky v. Revell*, 167 N. C., 508, *Brown, J.,* construing this statute, that judgment could be rendered against a married woman upon her contracts and enforced by execution, though she had not

specifically charged her property with payment thereof. In *Royal v. Southerland,* 168 N. C., 405, it was held that under this statute a judgment could be rendered against a wife upon her obligation as surety to her husband.

These decisions were both affirmed in *Warren v. Dail,* 170 N. C., 406, and it is no longer an open question, but is settled, that a married woman is liable upon her contracts, by the express wording. of the statute, "in the same manner as if she were unmarried," and that under execution issued upon said judgment her property, real and personal, can be sold to the same extent as if she had remained single, though the debt has not been charged thereon by her.

No error.