BANK OF UNION v. W. E. BROCK.

(Filed 14 November, 1917.)

**Appeal and Error—Judgment Set Aside—Excusable Neglect—Meritorious Defense—Findings of Fact.**

> On appeal from an order setting aside a judgment for excusable neglect, it is not sufficient that the lower court has found that there was a meritorious defense, for the facts upon which this finding was based must appear of record, so that the Supreme Court may pass upon the correctness of the ruling, or the case will be remanded to that end, with leave to file additional affidavits, if the parties are so advised.

CIVIL ACTION, tried before *Long, J.,* at May Term, 1917, of UNION. Plaintiff appealed.

*Stack & Parker for plaintiff.*
*Redwine & Sikes for defendant.*

WALKER, J. Plaintiff alleged in its complaint that H. S. and Rosa E. Pinkston, on 1 January, 1911, made and delivered to it their promissory note for $2,173.91, due and payable 1 January, 1912, which was duly endorsed by the defendant, on which $761.49 had been paid, leaving a balance of $1,828.87, including interest, due thereon. The complaint was verified and filed 7 May, 1917, it being the first day of the August Term of the court. On 9 August, 1917, judgment was entered for the amount due on the note, and costs; and afterwards, but during the same day, the court adjourned, the judge leaving for his home in Cleveland County. He did not return. Defendant did not attend the court. He intended to do so, and file an answer for himself, he being an attorney and solicitor of the judicial district, but he was prevented from doing so by the illness of his wife, who required medical treatment. He accompanied her to a Northern city for the purpose of placing her under the care of a medical expert. As soon as he returned and found that judgment had been taken against him he moved to set it aside, upon proper notice. The presiding judge found that defendant's neglect to file an answer during the time fixed by law was excusable, and we concur with

him in that finding, for we think the defendant has presented a very strong case in that respect. *Judge Webb,* who signed the judgment, when informed by the defendant of the facts, wrote to *Judge Long* as follows: "At the last term of Union Court, and on Wednesday evening of the first week, I signed quite a number of judgments handed up by the attorneys, and understood that they were all signed without objections by the defendants. It seems that I signed a judgment against Solicitor Brock. He says the summons was returnable to that term of the court, and that the plaintiff, of course, had three days in which to file a complaint. Mr. Brock informs me that the complaint was filed on Monday, the first day of the term, and that the judgment was taken on Wednesday evening. He was out of the State, I understand, on a matter of business, and did not reach home till Wednesday or Thursday of the term. He says that he has a good defense to the action. On receiving this information from him I wired the clerk not to copy the judgment, but later on notified him to put it on record. Mr. Brock asks that the judgment be set aside and that he be allowed to answer. I think he is entitled to it, and I wish I had known that the complaint had been filed on Monday of the term and that Mr. Brock had a defense to the action. I certainly would not have signed the judgment on Wednesday against him. If Mr. Brock can show you he has a good defense, I hope you can see your way clear to set the judgment aside and let him file an answer."

Defendant filed an affidavit, setting forth the facts and showing why he could not be present at the court when the judgment was rendered, and alleging that he had a good and meritorious defense to the action. The judge decided with him, and set aside the judgment, but did not state the facts upon which he based his ruling as to the defense. This he should have done, as we cannot decide whether such a defense exists unless we know what it is. The judge should find the facts constituting the alleged defense, and then decide whether, in law, it is meritorious. This question was discussed in *Gaylord v. Berry,* 169 N. C., 733, and we pursue the course taken in that case, which is similar to this one, and remand the case, so that the facts may be found. The question as to what is a meritorious defense is discussed in *Sircey v. Rees' Sons,* 155 N. C., 296; *Schiele v. Ins. Co.,* 171 N. C., 426; *Gallins v. Ins. Co.,* at this term. The judge evidently has found that there is a meritorious defense, or he would not have set aside the judgment, but he has not stated the facts, so that we may examine his ruling and determine whether it is correct. It may be that there is such a defense, but we cannot know how this is in the present state of the record. The judgment should not be disturbed unless there is at least *prima facie* a good defense, for we would be doing a vain thing to set aside a judgment if this same judgment must be rendered again. *Estes v. Rash,* 170 N. C., 341; *Minton v. Hughes,* 158 N. C., 587.

It is therefore adjudged that the order setting aside the judgment be itself vacated, and the judge will proceed to find the facts, and upon them make his ruling as to whether there is excusable neglect, and also whether there is a meritorious defense, with leave to file additional affidavits, if the parties are so advised.

This result can work no harm to the plaintiff, as the judgment is a lien, and will continue to be a lien if not set aside, provided it is properly docketed. If it appears that defendant has a meritorious defense, it is but just that he should be heard.

The defendant will pay the costs of this Court.

Remanded.