G. W. DRY v. G. D. B. REYNOLDS AND J. C. PARKER.

(Filed 10 January, 1934.)

1. **Bills and Notes C a—**

A surety on a negotiable note is absolutely required to pay same and is a party primarily liable under the terms of the negotiable instruments law. C. S., 2977.

2. **Bills and Notes F a—Failure to present note does not discharge maker or sureties thereon.**

Where a note is made payable at a certain bank, the failure of the payee to present it for payment at the bank on the date due does not release the maker or surety on the note, both maker and surety being parties primarily liable on the note. C. S., 3051.

3. **Bills and Notes G c—Deposit by maker sufficient to pay note in bank at which note is payable does not discharge maker or surety.**

The fact that the maker of a negotiable note payable at a certain bank kept a deposit sufficient to pay the note at the bank on the due date may amount to a tender of payment under C. S., 3051, but such tender would discharge only persons secondarily liable on the note, and would not discharge the liability of the maker and surety on the note, C. S., 3102, and the bank is regarded as the agent of the maker for the payment of the note upon presentment, and not the agent of the payee, and the liability of the maker and surety is not discharged by the payee's failure to present the note for payment at the bank on the due date.

4. **Bills and Notes G a—**

Where a note is made payable at a certain bank it amounts to an order to the bank to pay same out of the maker's deposit upon presentment when due. C. S., 3069.

APPEAL by defendant Parker, from *Harding, J.,* at May Term, 1933, of STANLY. Affirmed.

The plaintiff declared on the following promissory note:

"$500.00                     Albemarle, N. C., 12 May, 1923.

On or before the 12th day of May, 1924, I, we, or either of us, promise to pay to the order of G. W. Dry, the sum of five hundred and 00/100 dollars, negotiable and payable at the Stanly Bank and Trust Company, Albemarle, N. C., with interest at the rate of six per cent per annum from date, payable annually until paid, and the securities and endorsers hereby waive protest, notice of protest and notice of nonpayment hereof, and guarantee the payment of this note at maturity or any time thereafter, and consent that the time of payment be extended without notice hereof.

G. D. B. Reynolds.     (Seal.)

J. C. Parker, Surety.   (Seal.)

Witness: J. R. Price."

DRY *v.* REYNOLDS.

Seven issues were submitted, the first three of which were answered by consent, the fourth, fifth, and sixth upon the evidence, and the seventh by the court without objection after the others had been answered by the jury:

1. Did the defendant, G. D. B. Reynolds, execute the note as alleged? Answer: Yes (by consent).

2. Did the defendant, J. C. Parker, sign said note as surety, as alleged? Answer: Yes (by consent).

3. Did the plaintiff fail to present the note for payment to the Stanly Bank and Trust Company at maturity, as alleged in the answer? Answer: Yes (by consent).

4. Did the defendant, G. D. B. Reynolds, have on deposit in the Stanly Bank and Trust Company funds of sufficient amount to pay the note in controversy, principal and interest, on the day it became due? Answer: Yes.

5. Did the defendant, G. D. B. Reynolds, authorize the Stanly Bank and Trust Company to pay out of his funds in said bank to his credit the note of plaintiff if it should be presented on the day it became due for payment? Answer: No.

6. Is plaintiff's cause of action as against J. C. Parker barred by the three-year statute of limitations? Answer: No.

7. What amount, if any, is now due plaintiff on said note? Answer: ..............

Upon the verdict as returned the court rendered judgment against the defendants for $500.00 with interest from 12 May, 1928. The defendant Parker excepted and appealed upon assigned error.

*Brown & Brown for appellant.*
*T. B. Mauney for appellee.*

ADAMS, J. The note was signed by Reynolds as principal and by Parker as surety. Judgment was recovered against both parties and the surety only appealed. The appellant excepted to the court's refusal to dismiss the action and to instructions given the jury, but he bases his appeal principally on sections embraced in Art. 7 of the Negotiable Instruments Law. C. S., 3051, *et seq.* Section 3069, provides that where the instrument is made payable at a bank it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon. Reynolds had on deposit in the Stanly Bank and Trust Company funds sufficient to pay the note with interest at the date of maturity, and the plaintiff failed to present the note at that time for payment by the bank. The appellant's contention is that in legal effect the note was paid and

that both parties were discharged, there being an intimation that the plaintiff's failure to present the note for payment was itself a discharge.

In *Nichols v. Pool,* 47 N. C., 23, the note sued on was payable at the Branch Bank of the State of North Carolina at Elizabeth City. The Court (*Pearson, J.*), said: "The maker of a note owes the debt without any conditions about it. Why should the creditor agree to abridge his rights and have a condition precedent imposed on him, by force of which he will lose the entire debt if he fails to demand it at a particular time, and place? Upon what ground could a debtor ask or a creditor submit to have any such restriction? If such is the intention of the parties, it ought to be expressed in unequivocal words, as "I promise to pay, etc., provided, or upon condition, or if this note is presented for payment at the bank in Elizabeth City on the day it falls due"; because the relation of creditor and debtor forbids the idea that the parties intend to make a condition precedent whereby the debt will be lost unless demanded at a given time and place; consequently, a construction by which the words 'payable at, etc.,' are by implication made to have this effect, and are converted into a condition precedent, is against the reason of the thing." The Court declared the effect to be that the creditor did not lose his debt by failing to apply for it at the precise time and place but might afterwards bring suit, and that the debtor might defeat the action by bringing into court the money he had deposited or if it was lost by failure of the bank he might put the loss on the creditor because of his laches in failing to present the note for payment. This case was decided on principles of the common law, but the Negotiable Instruments Law contains an accordant section (C. S., 3051), to the effect that presentment for payment is not necessary in order to charge the person primarily liable on the instrument. The person primarily liable on an instrument is the person who, by the terms of the instrument, is absolutely required to pay the same, all other parties being secondarily liable. C. S., 2977.

Suretyship is an undertaking to answer for the debt of another, by which the surety becomes bound as an original debtor is bound, and is therefore a primary obligation to see that the debt is paid; and as the Court has said in *Rouse v. Wooten,* 140 N. C., 557, "A surety comes squarely within the definition of a person whose liability is primary, for he is, by the terms of the Negotiable Instruments Law, absolutely required to make payment. It is, therefore, manifest that the plaintiff's failure to have the note at the bank at the date of its maturity did not discharge the debt."

The appellant intimates that by virtue of the section 3069, the substance of which we have stated, it was the absolute duty of the bank to apply the deposit made by Reynolds to the payment of the note, but

this question is academic for the reason that the note was not taken or sent to the bank at the date of maturity. The question is whether the mere deposit of the money was a payment which relieved the appellant of liability.

In *Peaslee v. Dixon,* 172 N. C., 411, the record shows that the note was payable at the Bank of Caswell. An employee of the bank presented the note to the defendant who was the maker and he wrote across the face of it the words, "charge my account. R. L. Dixon." The bank accepted this paper and closed its doors before remitting the money to the plaintiff. This was held to constitute a payment on the note. The maker of the note had expressly ordered the application.

The relation between the several parties to a note payable at a bank in which the maker has funds on deposit is set forth in *United States National Bank v. Shumak,* 172 Pac. (Mon.), 324, in the following words: "The note in question was by its terms payable at the Bridger Bank, and defendants insist that, in failing to charge the note to their account whenever they had funds sufficient to meet it, the Bridger Bank was guilty of negligence which is imputable to plaintiff. Section 5935, Revised Code, provides: 'Where the instrument is made payable at a bank it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon.' The authorities which have construed this section of the Uniform Negotiable Instruments Law are quite generally agreed that it merely creates the bank the agent of the maker and does not authorize it to receive payment for the holder. 8 C. J., 602; 3 R. C. L., 1289. The duty which the bank owes to the maker arises from the relation of debtor and creditor, and not from the fact that it is the agent of the holder." The bank was not under the facts of this case an agent of the plaintiff and as to the plaintiff the appellant was not discharged by the deposit of the funds.

This, in our opinion, is the correct position, though we are not inadvertent to the suggestion, which has been severely criticised, that the maker of a note payable at a bank discharges his duty by keeping his account good, as in *Baldwin's Bank v. Smith,* 115 N. Y., 76.

The appellant contends that as Reynolds had on deposit in the bank enough money to pay the note his ability and readiness to pay it at maturity was equivalent to a tender of payment on his part. In C. S., 3051, there is a clause to this effect; but section 3102 restricts "a valid tender of payment by a prior party" to the discharge of persons secondarily liable, as endorsers. A surety, we have said, is primarily liable and is not released by the tender.

The result is that exceptions nine, ten, and eleven which embrace the statement of a contention, must be overruled. There was technical error, however, in the instructions given in reference to the fifth issue—

whether Reynolds authorized the bank to pay the note out of funds in the bank to his credit. The tenor of the instruction is that a special order verbal or written, made by Reynolds after the execution of the note was essential to authorize the bank to make payment. The note itself, the execution of which was admitted, as shown by the first issue, was "an order to the bank" to. pay the note, and the fifth issue should have been answered in the affirmative as matter of law, or more properly should not have been submitted to the jury. The error for this reason was harmless. Moreover the note was not presented for payment and a special order by the maker would not have canceled the debt. Judgment
　Affirmed.