MRS. LOUISE BENNETT v. E. B. TEMPLETON.

(Filed 6 November, 1946.)

1. Trial § 53—

The consent of both parties is necessary to authorize the court to hear the evidence, find the facts and declare the law arising thereon, without a jury, and in the absence of mutual consent, the judgment of the court is void and may be set aside upon motion as a matter of right.

2. Judgments § 27d—In absence of finding that attorney who agreed to submission of cause to court for trial represented defendant, motion to set aside judgment should have been allowed as a matter of law.

The findings of fact by the court disclosed the following: The court agreed to continue all cases in which a certain attorney was attorney of record. Upon the calling of this case the court was informed that this attorney represented defendant. At the instance of the court another attorney phoned defendant and advised him that the case had been called and would be delayed thirty minutes for his appearance, and that thereupon defendant stated he had no way of getting there within that time and requested the attorney to "do the best you can for me." When the case was again called, the defendant had not appeared and, both the attorney and the court acting in good faith in the belief the attorney represented defendant, the attorney agreed to trial by the court, and the court heard evidence, found facts and rendered judgment. Held: The authority of the attorney agreeing to the submission of the cause to the court having been denied, in the absence of a finding that such attorney represented defendant, defendant's motion to set aside the judgment for irregularity should have been allowed as a matter of law.

APPEAL by defendant from Sink, J., at July Term, 1946, of CATAWBA.

This is a proceeding in summary ejectment under the Landlord and Tenant Act, instituted before a justice of the peace, to recover possession of a house and lot located at 1250 Sixth Street, Hickory, N. C., and for the recovery of rent thereon from 6 April, 1946, until vacated, and for the cost of the action. From judgment in favor of plaintiff, entered 2 May, 1946, the defendant appealed to the Superior Court.

The case was calendared for trial in the Superior Court on Monday, 8 July, 1946, or any time thereafter during the term at the convenience of the court.

At the time the calendar was prepared the defendant was without counsel. He thereafter employed his present counsel. The night before this case was called for trial, Mr. Swift informed the trial judge that he would not be able to attend court on the following day, on account of the serious illness of his wife, and requested a continuance of all his cases. The trial judge informed him "That his cases would be taken care of in all instances where he was attorney of record, but that continuance would not be granted where he was employed merely for the purpose of working a continuance." On the following day this case was called for trial

and the plaintiff through her counsel insisted upon a trial. Mr. E. C. Willis, of the local bar, informed the court that Mr. Swift was appearing for the defendant. At the suggestion of the court, Mr. Willis phoned the defendant and informed him that his case was being called, but would be delayed for thirty minutes so he could be present for the trial. The defendant stated he had no way of getting from Hickory to Newton within that time, and said to Mr. Willis, "You go ahead and do the best you can for me." The defendant did not appear in court, and the case was again called, whereupon Mr. Willis stated, "We are willing for your Honor to hear the facts and pass upon the matter." Mr. D. M. McComb, attorney for the plaintiff, stated that the proposal was satisfactory to him. The court dictated the following stipulation, under the assumption that Mr. Willis was representing the defendant, Templeton: "It is agreed in open court by the plaintiff and defendant that their constitutional right to trial by jury shall be waived and that the Court may hear the facts and declare the law arising thereupon."

The court heard the evidence and found as a fact that notice to vacate the premises had been given as provided in the rental contract and that "the plaintiff is entitled to possession of the property and that the defendant is unlawfully and wrongfully in possession thereof." Whereupon, judgment was entered accordingly and the rent for said premises from the date of the judgment until the plaintiff is put in possession of the property was fixed at $70.00 per month, or double the amount of rent collected under the rental agreement prior to its expiration.

Thereafter, on 18 July, 1946, the defendant through his present counsel, moved to set aside the judgment for irregularity, in that Hon. E. C. Willis was not defendant's counsel, and that the court abused its discretion in denying defendant's request for a continuance.

The court heard the motion and found the facts as hereinabove set forth, and declined to set aside the judgment. Defendant appealed to the Supreme Court, assigning error.

*No counsel for appellee.*
*C. David Swift for appellant.*

DENNY, J. We think the merit of this appeal depends on whether or not the defendant employed Mr. E. C. Willis of the Catawba Bar to appear for him in the trial of this cause.

The defendant's counsel, Mr. C. David Swift, was absent with the permission of the court when the case was called for trial. However, he had requested a continuance of all his cases for the reason heretofore set out.

The defendant submitted an affidavit in support of his motion to set aside the judgment herein, in which he denies that he employed or

requested Mr. Willis to appear for him in this litigation. Moreover, the record does not disclose a finding by the court to the effect that Mr. Willis was employed or requested to represent the defendant in the trial of this cause. The record does state that the court proceeded upon the assumption that Mr. Willis represented the defendant. Therefore, if he was not authorized to represent the defendant in the trial of this case, he was without authority to waive a jury trial therein, and to consent for the court to hear the evidence, find the facts and declare the law arising thereon. Furthermore, without the consent of the parties, the court was without authority to dispense with a jury trial, and to hear the evidence, find the facts and declare the law arising thereon; and any judgment based thereon would be void. McIntosh on Practice and Procedure, p. 734, *et seq.; Ellis v. Ellis,* 190 N. C., 418, 130 S. E., 7; *Estes v. Rash,* 170 N. C., 341, 87 S. E., 109.

The court was not requested to set aside the judgment in its discretion. It was requested to set aside the judgment for irregularities, in that Mr. Willis was not employed by the defendant to represent him in the trial of this case.

Upon the facts disclosed on this record, we think Mr. Willis acted in good faith in participating in the trial. He was acting not only in the capacity of a friend to the court, but he was also endeavoring to accommodate a fellow member of the local bar; and unquestionably he interpreted what the defendant told him over the telephone to mean that he was employed to represent the defendant if the court ordered the case tried. Likewise, the court acted in good faith in assuming that Mr. Willis represented the defendant, but his authority to appear in the case having been denied, in the absence of a finding to the contrary, we think the motion to set aside the judgment should have been allowed as a matter of law. If the defendant had been present at the trial below, and had not protested the appearance of Mr. Willis in his behalf, he would be estopped from denying his authority to appear.

In view of the conclusion reached herein, there must be a new trial and it is so ordered.

It is unnecessary to consider or discuss the remaining exceptions.

New trial.