ARCADY FARMS MILLING COMPANY, A CORPORATION, v. J. FRANK WALLACE AND JAMES E. WALLACE, INDIVIDUALLY AND TRADING AND DOING BUSINESS AS WALLACE POULTRY HOUSE, AND BESSIE WALLACE AND HELEN WALLACE.

(Filed 12 October, 1955.)

**1. Guaranty § 2—**

A guaranty of payment is an absolute promise to pay the debt at maturity, if not paid by the principal debtor, and the obligation of the guarantor, as distinguished from that of a surety, is separate and independent of the obligation of the principal debtor, giving the creditor a cause of

action against the guarantor immediately upon failure of the principal debtor to pay the account at maturity.

**2. Guaranty § 4—**

The male defendants were sued on their trade acceptances. Their respective wives were sued on a continuing, absolute guaranty of payment executed by the wives. *Held:* While the guarantors are not in any sense parties to the trade acceptances, the cause of action on the guaranty arose out of the same transactions or transactions connected with the same subject of action, rests upon the same proof, and all defendants may be joined in one action for a complete determination of the questions involved. G.S. 1-123, G.S. 1-69.

**3. Pleadings § 2—**

G.S. 1-123 will be liberally construed to effectuate its purpose for the judicial determination of actions with reasonable promptness and a minimum of cost to the litigants.

**4. Husband and Wife § 12b—**

The wife's guaranty of payment of the husband's trade acceptances is not a contract between husband and wife within the purview of G.S. 52-12, and the rule that a wife may execute a primary obligation as surety for her husband's debt without complying with the provisions of G.S. 52-12, applies with equal force to the execution by her of a collateral obligation as guarantor of his debt.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants Bessie Wallace and Helen Wallace from *Nettles, J.,* August Civil Term 1955 of BUNCOMBE.

Civil action to recover jointly and severally from all the defendants $8,515.52 with interest, by reason of four trade acceptances made, accepted and delivered to plaintiff for the purchase of goods by the defendants J. Frank Wallace and James E. Wallace, and jointly and severally guaranteed by their respective wives, the defendants Bessie Wallace and Helen Wallace, heard on demurrer filed by the *feme* defendants on the grounds of a defect of parties, a misjoinder of parties and causes of action, and that the contract of guaranty of married women with a third party for the benefit of their husbands was void for failing to comply with G.S. 52-12.

The complaint's basic allegations are these: J. Frank Wallace and James E. Wallace, residents of Buncombe County, were partners trading and doing business as Wallace Poultry House in Asheville. In 1952 the defendants J. Frank Wallace and James E. Wallace for goods purchased from the plaintiff made, accepted and delivered to plaintiff four trade acceptances, payable at the First National Bank & Trust Company in Asheville, in the total amount of $8,515.52. On 3 June 1952,

according to the complaint—on 3 June 1950, according to the guaranty of payment attached to the complaint, and made a part thereof—the defendants Bessie Wallace and Helen Wallace executed under their hands and seals, and delivered to plaintiff a letter stating:

"In consideration of your supplying merchandise upon credit to James E. Wallace and Frank Wallace co-partners doing business as Wallace Poultry Company, Asheville, North Carolina, in such amounts as you in your sole discretion may from time to time determine, we the undersigned Bessie Wallace, wife of the said James E. Wallace, and Helen Wallace, wife of the said Frank Wallace, jointly and severally guarantee to you, your successors and assigns, the due and punctual payment when due of such sum or sums of money as at any time and from time to time shall be owed you by said co-partners for merchandise so supplied by you."

Demand was made by plaintiff for payment of the four trade acceptances, which was refused. A receiver was appointed for the Wallace Poultry House on 7 April 1953, and the records in the receivership indicate that it is insolvent, and no disbursement of any kind will be made to unsecured creditors. The plaintiff prays that it have and recover jointly and severally from the defendants the sum of $8,515.52 with interest.

This action was instituted in the General County Court of Buncombe County. There the demurrer of the *feme* defendants was overruled, and they appealed to the Superior Court. In the Superior Court the order overruling the demurrer in the General County Court was affirmed.

The *feme* defendants appealed, assigning error.

*Lee & Lee for Plaintiff, Appellee.*

*McLean, Gudger, Elmore & Martin for Bessie Wallace and Helen Wallace, Defendants, Appellants.*

PARKER, J. At the beginning it is to be noted that the male defendants are sued upon their trade acceptances, and that the *feme* defendants are sued upon their guaranty contract, specially set forth and pleaded.

The obligation of a surety is primary, and the surety becomes bound as an original debtor is bound. He is directly and equally bound with his principal. *Trust Co. v. Clifton,* 203 N.C. 483, 166 S.E. 334, 84 A.L.R. 725; *Bond Co. v. Krider,* 218 N.C. 361, 11 S.E. 2d 291; *Dry v. Reynolds,* 205 N.C. 571, 172 S.E. 351; *Rouse v. Wooten,* 140 N.C. 557, 53 S.E. 430.

A guaranty of payment is an absolute promise to pay the debt at maturity, if not paid by the principal debtor. The obligation of the guarantor is collateral. *Trust Co. v. Clifton, supra; Chemical Co. v. Griffin,* 202 N.C. 812, 164 S.E. 577; *Cowan v. Roberts,* 134 N.C. 415, 46 S.E. 979.

The *feme* defendants, as guarantors of the trade acceptances, cannot be sued *as original promisors* on the trade acceptances with the male defendants. *Trust Co. v. Clifton, supra;* 38 C.J.S., Guaranty, Sec. 84. Their contract of guaranty is their own separate contract jointly and severally to pay the debts of the male defendants when due, if not paid by the male defendants, to plaintiff: they are not in any sense parties to the trade acceptances. *Coleman v. Fuller,* 105 N.C. 328, 11 S.E. 175.

The guaranty in this case is a continuing guaranty, *Novelty Co. v. Andrews,* 188 N.C. 59, 123 S.E. 314; 24 Am. Jur., Guaranty, Sec. 18, but it is also an absolute guaranty of "the due and punctual payment when due of such sum or sums of money as at any time and from time to time shall be owed you (plaintiff) by said co-partners for merchandise so supplied by you." The right to sue upon this absolute guaranty of payment arises immediately upon the failure of the principal debtors, the male defendants, to pay their trade acceptances at maturity. *Trust Co. v. Clifton, supra; Chemical Co. v. Griffin, supra; Jones v. Ashford,* 79 N.C. 172.

In 38 C.J.S., Guaranty, p. 1265, it is said: ". . . in some jurisdictions, where a contract of guaranty is considered separate and distinct from, or secondary to, the principal contract, a joint action cannot be maintained against the principal obligor and the guarantor," and in support of the text in note 35 it cites the case of *Trust Co. v. Clifton, supra.* The pertinent part of the opinion in that case is: "A surety may be sued as a promisor with the principal debtor; a guarantor may not; his contract must be especially set forth or pleaded." The statement of law in the *Clifton case* is that a guarantor cannot be sued *as an original promisor on the principal contract with the principal debtor:* it does not state that a joint action cannot be maintained against the principal debtor, as the original promisor on the principal contract, and against the guarantor upon his special contract of guaranty specially declared on. The *Clifton case* does not support the text quoted above from C.J.S.

In 24 Am. Jur., Guaranty, pp. 880-881, it is said: "The surety may be joined with his principal in an action to enforce the obligation by which both are equally bound; a guarantor, being bound by a contract which is independent of the obligation of the principal debtor, may not be joined as a party to an action against the latter unless his joinder has been authorized by statutory enactment." In support of the state-

ment in the text that a guarantor may not be joined as a party to an action against the principal debtor the case of *Trust Co. v. Clifton,* *supra,* is cited in note 18, which case does not support that part of the text as we have set forth above.

It seems that the authorities are not in accord as to whether a joint action can be maintained against the principal debtor and the guarantor. The statutes of the particular jurisdiction are frequently decisive. 38 C.J.S., Guaranty, Sec. 92 (b).

G.S. 1-123 reads in part: "The plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of—1. The same transaction, or transaction connected with the same subject of action."

G.S. 1-123 will be liberally construed to effectuate its purpose for the judicial determination of actions with reasonable promptness and a minimum of cost to the litigants. *Pressley v. Tea Co.,* 226 N.C. 518, 39 S.E. 2d 382.

G.S. 1-69 reads in part: "All persons may be made defendants, jointly, severally, or in the alternative, who have, or claim, an interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved."

The guaranty of the *feme* defendants being absolute, the causes of action against the male defendants and the *feme* defendants arise out of the same transactions, or transactions connected with the same subject of action, rest upon the same proof against all defendants, and may be joined for a complete determination of the questions involved. The complaint does not set forth two independent causes of action. *Erickson v. Starling,* 233 N.C. 539, 64 S.E. 2d 832; *Leach v. Page,* 211 N.C. 622, 191 S.E. 349; *Daniels v. Fowler,* 120 N.C. 14, 26 S.E. 635.

The lower court correctly ruled that there was no misjoinder of parties and causes of action.

The *feme* defendants contend that their contract of guaranty is void, because of a failure to comply with the provisions of G.S. 52-12, which applies to contracts between husband and wife during their coverture affecting the *corpus* or income of her estate.

We held in *Royal v. Southerland,* 168 N.C. 405, 84 S.E. 708, that a wife, by becoming surety on the obligations of her husband, creates a direct and separate liability to the creditor of the husband, which makes her personally responsible without requiring the statutory formalities necessary to the validity of certain contracts made directly between the husband and wife. The rationale of the opinion being that such a contract is not primarily a contract between husband and wife, but so far as G.S. 52-12 is concerned, is to be properly considered as one between the husband and wife on the one part and the creditor on the other.

In *Thrash v. Ould*, 172 N.C. 728, 90 S.E. 915, the plaintiff and his wife were controlling owners of a private corporation to whom defendant sold goods, with plaintiff and his wife as guarantors of payment under their letter of credit, given and accepted in good faith. The letter of credit was not executed by the wife in compliance with G.S. 52-12. This Court, citing *Royal v. Southerland, supra,* held that the wife was responsible on her contract of guaranty.

The obligation of a surety is primary: the obligation of a guarantor is collateral. The reasoning in *Royal v. Southerland, supra,* that a wife can bind herself as surety with her husband on his contract without complying with the requirements of G.S. 52-12, applies with equal force to a wife binding herself as a guarantor of her husband's contract. G.S. 52-12 has no application to the *feme* defendants' guaranty of payment of their husbands' trade acceptances.

One of the grounds of the demurrer was a defect of parties. Defendants' counsel in their brief ignore this ground of demurrer. It would seem they have abandoned this contention. No defect of parties is made to appear.

The judgment below overruling the demurrer is
Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.