Porter *v*. Wheeler.

LUTHER C. PORTER *v*. AARON C. WHEELER.

*Account. Partnership. Pleading.*

There can be no revision of the merits of the judgment to account on the hearing before the auditor, or on the hearing upon his report.

Under an agreement between the partners at dissolution, that the defendant should take and collect the partnership demands, and pay to the plaintiff one-half the sum realized therefrom, after deducting the expenses of collecting, the defendant sent out his agent, H., to collect the same, and paid him therefor two dollars per day and expenses, the same as he had been paying him previously. Had H. continued in the defendant's individual business while engaged in collecting these demands, his services would have been worth four dollars per day to the defendant. *Held*, that the defendant should be allowed what it cost him to collect said demands, not what profits he would have gained by employing H.'s time in other business.

The action of account was the proper action to settle and adjust the respective rights of the parties in said transaction.

ACTION OF ACCOUNT. An auditor was appointed who reported substantially as follows:

The defendant, prior to 1855, had employed the plaintiff in the business of selling and delivering fruit trees in different parts of the country, and, among other places, in the province of *New Brunswick*,

and the defendant having taken or sent to that place a large number of fruit trees, it was agreed between the plaintiff and defendant, in writing, that they should deliver the New Brunswick sale of trees made in 1855 by the plaintiff for the defendant, and should divide the net profits after deducting the expenses of selling and delivering said trees, and also the wholesale price of the trees, which was to be $10. per 100, furnished and packed by the defendant, at his place in or near Rochester, N. Y., in the spring of 1856.

They sold and delivered about 30,000 trees under said written agreement before the first of June, 1856, the sales amounting to about $6000. They took notes for a part, charged some in account, and received the money for a part to the amount of about $2200. The parties met at Portland and had a settlement on the 2d or 3d day of June, 1856, and " agreed to throw up the partnership." The notes and accounts left unpaid went into the hands of the defendant. The plaintiff was to have one-half of what was realized from the demands, after deducting all expenses and cost of collecting them, and paying the defendant $3000. for the trees.

The defendant employed his agent, C. M. Hubbell, who was trusty and efficient, to collect said demands; and item No. 4 of the defendant's account, which was the main item in controversy, was for loss to the defendant on Hubbell's time in being thus taken away from the defendant's business.

In respect to this the auditor reported that Hubbell was an agent of the defendant in selling fruit trees and collecting accounts, at a stipulated price of two dollars per day and expenses. He had been in the business until he had become acquainted with it, and his time was then worth to the defendant four dollars per day, or would have been if .he had remained in the defendant's individual employment. Other facts are stated in the opinion of the court. The court at the June Term, 1860, POLAND, Ch. J., presiding, rendered judgment, on the auditor's report, for the plaintiff to recover the sum of $86.,— to which the defendant excepted.

*Wing & Lund*, for the defendant.

*B. N. Davis*, for the plaintiff.

KELLOGG, J. The defendant, on the coming in of the auditor's report in this cause, filed exceptions to it for two alleged causes, viz:

Porter *v.* Wheeler.

(1), that the facts found by the auditor are not sufficient in law for the plaintiff to recover in this action of account, and that the action should have been an action of assumpsit and not of account; and (2), that the defendant and not the plaintiff is entitled to a judgment on the facts reported. The county court having rendered a judgment for the plaintiff on the report, these grounds of exception to the report are now to be considered in this court.

I. The defendant insists that the facts found by the auditor are not sufficient to support the action of account. After a judgment to account in this action, a defence of this character cannot be regarded as available. The declaration charges that the relation of partners existed between the plaintiff and defendant from 1st December, 1855, to 1st July, 1857, and the defendant claims that it is found by the auditor that the partnership was dissolved in June, 1856, so that in fact the relation of partners continued between the parties for only a part of the period alleged, in the declaration. In *Bishop* v. *Baldwin*, 14 Vt. 145, it was held that if, in this action, the defendant suffer judgment to account to pass by *nil dicit*, he thereby waives all defences which he might have pleaded, and so concedes all the facts stated in the declaration, except his being in arrear, and that the relation upon which the account is claimed is thus conclusively fixed, and that nothing can be pleaded before auditors which was, or which might have been, decided before the court or by the verdict. These rules have always been the recognized law of the action of account, and in *Pickett* v. *Pearsons*, 17 Vt. 470, they were again affirmed. There can be no revision of the merits of the judgment to account on the hearing before the auditor, or on the hearing upon his report. The question before him is not whether the action can be sustained on the facts stated in the declaration, but whether, at the time of the accounting, the defendant is in arrear for any sum which he is liable to account for to the plaintiff. The judgment to account establishes the facts alleged in the declaration, and the duty of the defendant to render the account demanded, and the defendant is estopped by the judgment from denying the facts or the relation upon which the account is claimed. In *Bishop* v. *Baldwin, ubi supra,* which was an action of account charging the defendant as a partner with the plaintiff, the auditors heard evidence in relation to the part-

nership, and reported upon it, but it was held that, after the judgment to account, the defendant could not object that he was not liable to account as partner, and he was excluded by this judgment from making the very defence now attempted. It appears in the auditor's report that he has allowed no items of account in favor of the plaintiff except such as arose from business transactions which occurred before the time when, as the defendant claims, the partnership relation was terminated, and while that relation was still existing. The defendant's liability to account to this extent in some form of action would seem to be beyond question; and we understand from the auditor's report that the joint or partnership interest of the parties in the outstanding demands due to them was not intended to be affected by the agreement made in June, 1856, by which the partnership as to future operations was terminated. The interest of the plaintiff in the outstanding demands, and in the profits of the business already done, continued the same after, as it was before, this agreement was made. There is no ground, therefore, for the claim that, by the arrangement then made, the relations of the parties as to their past business was changed, and that, in consequence of the arrangement, the defendant assumed upon himself a new duty which could only be enforced in an action of assumpsit. We find nothing in the facts reported which shows that the plaintiff acquired any new or different right in respect to the division of the profits of the past business under this arrangement, and the action of account was the proper action to settle and adjust the respective rights of the parties arising out of that business and its profits.

II. The defendant insists that the judgment on the auditor's report should have been in his favor,—as it would have been, if his claim against the plaintiff for loss on the time of Hubbell, the agent employed to collect the demands in New Brunswick, had been allowed. The defendant paid to Hubbell two dollars per day for this service, and this was allowed to the defendant by the auditor. But the auditor reports that Hubbell had been and was in the defendant's employment at the time he entered upon this service, and that his time would have been worth four dollars per day to the defendant if he had remained in the defendant's business while employed in collecting these New Brunswick demands; and the defendant now

claims the difference between the compensation actually paid to Hub-
bell for his time and the value of that time in the defendant's busi-
ness, as thus reported by the auditor. The defendant sent out Hub-
bell to collect the demands, and has been allowed all that he paid to
him as compensation for his time and expenses. The question is,
what was this service worth,—or rather, what did it cost the de-
fendant;—not what profits the defendant might have gained by em-
ploying Hubbell's time in some other kind of business. We are
satisfied with the disposition which the county court made of this
claim. The defendant is fully reimbursed for all of his actual ex-
penses by the allowance made by the county court, and beyond this
there is no justice in his claim. An allowance beyond the compen-
sation actually made to the agent could only be justified by proof
that it was stipulated for, or contemplated, between the parties, and
the auditor's report contains no finding of that character.

As no other questions have been made in the case, the judgment
of the county court in favor of the plaintiff is affirmed.