## STURGIS v. HULL.*

### Construction of Statutes. Account.

The act of 1872, providing that "the judgment to account in the common-law action of account, shall not debar the defendant from making any defence before the auditor which he might have made by special plea in bar of the action if said judgment to account had not been rendered,"—is not retrospective, and does not apply to a case in which judgment to account was rendered and an auditor appointed before the passage of the act, but wherein the account was not taken until after its passage.

When the language of a statute is such that it will admit of either construction, if it appears that a retrospective construction is necessary, to accomplish and carry into effect the intent and purpose of the Legislature, and no substantial rights are thereby impaired or destroyed, and no wrong done, or when a statute is purely remedial, and does not take away vested rights, such a construction will be put upon it; otherwise, it will be considered as prospective.

ACCOUNT. The auditor reported as follows:

I find due to the plaintiff from defendant (computing interest on the balance to the 17th Nov. 1874), the sum of $391.66, subject to the opinion of the court upon the following facts:

In the spring of 1858, plaintiff and defendant engaged in the purchase and sale of cattle in partnership. Their purchases, including all expenses, amounted to $1,541.72. The gross sales amounted to $1,669.77. Their profits were $128.05. Their purchases and sales were all completed by Aug. 11, 1858, and the partnership transactions were substantially closed by that time, except that they had not received pay for all their cattle, some of which they had sold on credit. However, all the assets of the partnership that came into the hands of defendant, were collected and received by him within a few months after said 11th of August. July 10, 1866, at request of plaintiff, who had applied to defendant for money upon the balance that he claimed to be his due on said partnership transactions, defendant signed a note for $100 with plaintiff. Plaintiff knew at the time that defendant had signed the note as surety. The note falling due, defendant made two payments on it of $40 each, one on Nov. 28, 1866, and one May 11, 1867, which were indorsed on the note. Plaintiff subsequently paid the balance of the note. There was never any understanding between the parties that the note, or the two pay-

*Decided at the January Term, 1875.

ments made upon it by the defendant, should apply upon the balance that plaintiff claimed to be due from defendant in respect of the partnership transactions; but plaintiff intended it as such, and supposed it would so apply; but defendant did not intend, either in signing the note or in making the payments, that either act should have the effect of a payment upon the balance that plaintiff claimed to be due him as aforesaid; nor did he intend thereby to acknowledge any liability on his part on account of said transactions.

About the 1st of September, 1858, plaintiff called on defendant to settle their cattle transactions, claiming there was a balance of several hundred dollars due him from defendant. This demand was repeated by plaintiff several times during the following year. The writ is dated Aug. 19, 1872, was entered September Term, 1872, and judgment to account rendered and an auditor appointed same term.

No plea of the Statute of Limitations was filed; but on the hearing before the auditor, defendant claimed the benefit of the Statute of Limitations, and that there was nothing in arrear. Plaintiff claimed that that defence could not be made before the auditor in this action of account. The parties never settled their partnership transactions, and no balance was ever ascertained or fixed upon between them; and there was no testimony in the case tending to show that defendant ever since 1859 admitted any liability on his part to plaintiff in respect to said partnership transactions.

If the court should be of the opinion that the two payments made by the defendant upon the note, should be deducted, and should also be of the opinion that the Statute of Limitations is no defence, I find due from defendant to plaintiff the sum of $319.00; but if the two $40 items should not be deducted, I find due to plaintiff from defendant the sum of $391 66, unless the whole claim is barred by the statute.

Judgment for plaintiff for the smaller sum. Exceptions by defendant.

*A. G. Safford*, for defendant.

Defendant is entitled to judgment on the report, unless barred from making the defence of the Statute of Limitations before the auditor, by the operation of the judgment to account, and he is not so barred.

The statute of 1872 is not within the inhibition of the United States Constitution, Art. 1, s. 10, because *ex post facto* laws, in

their legal signification, are such as apply to enactments in relation to crimes only. 1 Kent Com. (9th ed.) 413 ; *Calder* v. *Bull*, 3 Dallas, 386 ; *Fletcher* v. *Peck*, 6 Cranch, 87 : and because it cannot be said to impair the obligation of any contract.

There is, moreover, no prohibition of retrospective laws in the constitution of this state. Such laws are, however, obnoxious, for the reason given by Judge BENNETT, in *Briggs* v. *Hubbard*, 19 Vt. 86. Not every law that relates to past transactions is *retrospective* in a legal and technical sense, as the term, "retrospective law" has been defined to have a technical legal meaning, differing somewhat from its literal signification. *De Cordova* v. *Galveston*, 4 Texas, 370 ; *Hope* v. *Johnson*, 2 Yerg. 125 ; *Web* v. *Den*, 17 How. 576 ; *Rich* v. *Flanders*, 39 N. H. 304. The Legislature may always alter the form and mode of administering justice, and may transfer jurisdiction of existing rights from one tribunal to another, and may pass laws retroactive in their effect, for the regulation of proceedings or enforcing a remedy, and so not liable to any constitutional objection, although in so doing, plaintiff or defendant may fail in establishing his case. *Kendall* v. *Kingston*, 5 Mass. 524 ; *Wright* v. *Oakley*, 5 Met. 408 ; *Fales* v. *Woodworth*, 23 Me. 553 ; *Springfield* v. *Cowes*, 6 Pick. 501 ; *Willard* v. *Harvey*, 24 N. H. 344 ; *Rich* v. *Flanders*, 39 N. H. 360. If laws only take away a part of a remedy, or modify it in any way, they are valid, although retrospective. *Donally* v. *Corbett*, 3 Seld. 500 ; *Paschal* v. *Perez*, 7 Texas, 348 ; *Adams* v. *Hackett*, 27 N. H. 289 ; *Gilman* v. *Cutts*, 23 N. H. 382. A statute is not objectionable because it purports to operate on prior contingent or qualified rights, but only when it *divests vested* rights. A law is not unconstitutional because a remedy is changed or modified, and rendered less speedy and convenient, or less effectual, if there is still a substantial remedy left to enable the party to maintain his rights. *James* v. *Steele*, 9 Barb. 482 ; *Clarke* v. *McCrary*, 12 S. & M. 347 ; *De Cordova* v. *Galveston, supra ; Willard* v. *Harvey, supra ; Rich* v. *Flanders, supra.*

Does the law of 1872 apply to all existing judgments to account ? That it does, see *Pratt* v. *Jones*, 25 Vt. 303 ; *Bell* v. *Rob-*

*erts*, 13 Vt. 582 ; *Brown* v. *Storm*, 4 Vt. 37 ; *Maidstone* v. *Steevens*, 7 Vt. 741 ; *Hill* v. *Pomeroy*, 39 Vt. 212.

Does this act divest the plaintiff of any vested right ? " No man can have a vested right in a mere mode of redress." *Fales* v. *Woodworth*, 23 Me. 553. "There is no such thing as a vested right to a particular remedy." *Comrs. Springfield* v. *Hampden*, 6 Pick. 508 ; *Willard* v. *Harvey*, *supra ; Rich* v. *Flanders*, *supra*.

The judgment to account is an interlocutory judgment, and after its rendition, the action is still pending, until final judgment. This case shows two things : *first*, that there was good reason existing for setting aside the interlocutory judgment ; *second*, that plaintiff could not have maintained his action upon the plea of the statute. Defendant then had a remedy by petition to set aside the oppressive judgment. *Smith* v. *Hancock*, 41 Vt. 74. While defendant had this remedy, the legislature has given him another. This is not a final judgment ; but were it otherwise, a party has not such a vested right in a judgment that the effect of it may not be modified by subsequent legislation. *Mc Cormick* v. *Alexander*, 2 Ham. 65 ; *Shree* v. *Ferguson*, 3 Ham. 136, cited with approval in *U. S.* v. *Longworth*, 1 McLean, 35 ; *Chadwick* v. *Moore*, 8 Watts & S. 49 ; *Tapley* v. *Hamer*, 9 S. & M. 310 ; *Stewart* v. *Davidson*, 10 S. & M. 310 ; *Brandon* v. *Green*, 7 Humph. 130, cited with approval in *Rich* v. *Flanders*, 39 N. H. 322 ; *Baltimore, &c. R. R.* v. *Nesbit*, 10 How. 395 ; *Griffin* v. *McKenzie*, 7 Ga. 163 ; *Donnelly* v. *Corbet*, 3 Seld. 500 ; *Albee* v. *May*, 2 Paine C. C. 74 ; *Davis* v. *State Bank*, 7 Ind. 316 ; *State* v. *Norwood*, 12 Md. 195 ; *Corry* v. *Landers*, 35 Ala. 280 ; *Schenley* v. *Commonwealth*, 36 Penn. 29 ; *Hickox* v. *Tallman*, 38 Barb. 608 ; *Selsby* v. *Redlon*, 19 Wis. 67 ; *Exchange Bank* v. *Liddy*, 67 N. C. 264.

*Gleed & Searle* (*H. S. Royce* with them), for plaintiff.

The Statute of Limitations may be pleaded in bar to the action of account. And whatever defence may be pleaded in bar to the action, must be so pleaded, and cannot be insisted on before the auditors. After judgment to account, no defence is available excepting *plene computavit*. *Godfrey* v. *Saunders*, 3 Wils. 94 ; *Bishop* v. *Baldwin*, 14 Vt. 145 ; *Porter* v. *Wheeler*, 37 Vt. 283 ;

39

*Taylor* v. *Paige,* Cro. Car. 116 ; *Pickett* v. *Pearson,* 17 Vt. 476 ; *May* v. *Brownell,* 3 Vt. 468 ; 1 Chit. Pl. 485.

The statute of 1872, passed after judgment to account in this action was rendered, which provides that " the judgment to account in the common-law action of account shall not debar the defendant from making any defence before the auditor which he might have made by special plea in bar if judgment to account had not been rendered," does not operate retrospectively. *Battles* v. *Forbes,* 19 Pick. 578 ; *Garfield* v. *Bemis,* 2 Allen 445.

The very essence of a new law is, a rule for future cases. " A statute which should defeat a suit already pending upon a right already vested, would be an alarming subversion of principle." *Gerry* v. *Inhabitants of Stoneham,* 1 Allen 323 ; *Dash* v. *Van Kleek,* 7 Johns. 502. No statute, however positive in its terms, is to be construed as designed to interfere with existing suits, and especially with vested rights, unless the intention that it shall so operate is expressly declared. It is a sound principle, that no statute ought to have a retrospective operation. A statute takes effect from its date, when no time is fixed. · Potter's Dwarris, 162, note 9 ; 7 Harrison's Dig. 1534.

A remedial statute must be deemed prospective, and will not affect proceedings pending at the time of its passage, unless a contrary intent appears. Morrison's Dig. p. 588, ss. 38, 39 ; 25 How. Pr. Rep. 416 ; 19 Vt. 86 ; *Wires & Peck* v. *Farr,* 25 Vt. 41 ; 37 Vt. 281, 599. A statute providing that usury between the maker and payee of a promissory note shall not be a defence to an action thereon brought by an indorser, was held not retroactive. *Bridgewater Bank* v. *Copeland,* 7 Allen, 140. And the same case, in effect, decides that a statute will never operate retrospectively, unless such an intention is expressly declared, or the terms used, *proprio vigore,* give it that effect. No legal ground for the support of an action, or ground of defence to an action, can be created by statute. *Woart* v. *Winnick,* 3 N. H. 473.

A statute is not to be construed retrospectively without express words to that effect. *Calkins* v. *Calkins,* 3 Barb. 305 ; 5 Abbott's Dig. 81, ss. 59, 60 ; p. 82, ss. 62, 63, 65, 66.

A claim established by a judgment is a vested right that can-

not be taken away by statute. 6 Abbott's Dig. 525, s. 18; 7 Abbott's Dig. 584, s. 14; 1 N. H. 199; 19 N. H. 389.

The opinion of the court was delivered by

PIERPOINT, Ch. J. This is a common-law action of account. It was commenced in August, 1872, to settle the accounts between the parties as copartners, and was entered at the September Term of the County Court in this county. The parties appeared, and at the same term a judgment was rendered by the court that the defendant should account. An auditor was appointed to take the accounting, and the case continued for that purpose.

Subsequently, the Legislature of this state, at a session commencing in October, 1872, passed an act declaring that, " the judgment to account in the common-law action of account, shall not debar the defendant from making any defence before the auditor which he might have made by special plea in bar of the action if said judgment to account had not been rendered;" and the only question now presented for our consideration is, whether or not this statute is to be so construed as to destroy the substantial effect of the judgment to account that had been rendered in this case, and take away the right which the plaintiff had thereby acquired as between him and the defendant, under the law as it was in this state at the time said judgment to account was rendered. In other words, does this statute apply to cases in which the judgment had been rendered when it was passed, or only to cases where the judgment should thereafter be rendered. If the former, then the statute is retrospective.

In this state, we have no constitutional provision against retrospective legislation; but all the authorities agree that such legislation, as a general rule, is not to be favored. In *Briggs* v. *Hubbard*, 19 Vt. 86; Judge BENNETT says: "It is an elementary principle, that all laws are to commence *in futuro*, and operate prospectively * * * unless the language is too explicit to admit of any other construction." This, perhaps, is stating the principle full strong. Judge BARRETT, in *Hine* v. *Pomeroy*, 39 Vt. 211, states the principle thus: "Ordinarily, statutes are held to oper-

ate prospectively and not retrospectively, unless it appears that they were designed to have the latter operation.　When it is sought to have such operation given to a statute, to the impairment of an existing right, or the infliction of a wrong, established and familiar principles would require the courts effectually to interpose and prevent such results ; when, without such consequences, the intention is apparent that the law should have such operation, such intention would prevail.　If such intention was not manifested by the form and language of the enactment, still, if the just results would constitute a reason for giving it such operation, and it was not restrained in this respect by some provision of it, such reason would be permitted to operate, and the act to have such effect."　This, we think, is a correct general statement of the principle.

When the language of the statute is such that it will admit of either construction, if it appears that a retrospective construction is necessary to accomplish and carry into effect the intent and purpose of the Legislature, and no substantial rights are thereby impaired or destroyed, and no wrong done, or when a statute is purely remedial, and does not take away vested rights, such a construction will be put upon it ; otherwise, it will be construed as prospective.　This principle we think is in substantial accordance with the whole current of authorities referred to by counsel on both sides—no further reference to which is required.

There is nothing in the act under consideration to indicate that the Legislature intended that it should have a retrospective operation.　The apparent object is fully accomplished without giving it such operation, and there is no general necessity resulting from an existing evil that requires it.

The number of cases pending in which there had been a judgment to account and the account had not been taken, must have been limited, and the number where there was any question as to the liability of the defendant to account, still less ;　and it is hardly to be supposed that these cases were in the mind of the Legislature when the act was passed.

The law governing the action of account, has long been settled in this state, and is well understood by the profession, and they

know that all questions as to the liability of the defendant to account (prior to this statute) must be interposed and passed upon before a judgment to account is rendered, or they cannot be raised at all.

There is another reason why this statute should not have a retrospective operation. Under the law as it stood prior to this act, a judgment to account in actions of this kind, establishes the the right of the plaintiff to have the defendant account, and also the liability of the defendant to render an account. In respect to this, the judgment is final and conclusive—no question in respect thereto can be raised before the auditor—the auditor can only take the accounting and determine where the balance lies. It makes no difference whether the defendant consents to a judgment to account, or takes issue upon all matters involved in that inquiry and has a trial thereon that results in a judgment to account, the legal effect is the same. This has always been the law of the action of account. The defendant waives all defences that he might have interposed to that judgment. This doctrine is fully enunciated and confirmed in *Porter* v. *Wheeler*, 37 Vt. 281.

To put the construction upon this statute that the defendant claims we should, would take from the plaintiff all the rights that are vested in him by the judgment. It would destroy the whole force and effect of the judgment, and, practically, grant to the defendant a new trial in the case. If the Legislature can do this, it is dificult to see why they cannot grant a party a new trial in any case. That the Legislature cannot grant new trials directly, will be conceded; and if not, it is equally clear that they cannot do so indirectly; and as the Legislature has not by this statute manifested any intention to do so, we are not disposed to make them do so by construction.

Judgment affirmed.