L. P. HORTON v. L. E. WILSON.

(Filed 15 May, 1918.)

**1. Bills and Notes—Negotiable Instruments—Endorser—Notice—Dishonor.**

The liability of an endorser on a promissory note is conditional, entitling him to notice of dishonor; and payment may not be enforced against him unless such notice has properly been given.

**2. Same—Anticipated Dishonor.**

Notice given to an endorser on promissory note prior to maturity, in anticipation of dishonor by the maker, is not sufficient to hold him to liability thereon; such notice to be valid must be properly given after the note is dishonored.

APPEAL from justice of the peace, tried before *Ferguson, J.,* at Fall Term, 1917, of YANCEY.

From the judgment rendered, defendant appealed.

*No counsel for plaintiff.*
*J. Bis Ray for defendant.*

BROWN, J.  Plaintiff sues to recover of defendant as endorser on a note payable to defendant and endorsed to plaintiff.  The note was secured by a mortgage on a mare and mule.  The defense is lack of notice of dishonor.  The motion to nonsuit should have been sustained.

The defendant, being an endorser, comes within the cases of *Perry v. Taylor,* 148 N. C., 362; *Sykes v. Everett,* 167 N. C., 600; *Houser v. Fayssoux,* 168 N. C., 1.

A surety is a maker of a note and is primarily liable for the debt, and is not entitled to notice of dishonor, while an endorser is liable conditionally, and does not undertake to pay absolutely, but only after notice of dishonor, and is entitled to such notice.

There is no evidence of notice of dishonor through the mail or otherwise.  Notice to defendant by plaintiff, given the day before the note became due, that the note would fall due the next day, that plaintiff had been informed that the maker of the note could not pay it, and that he intended to hold defendant liable for balance due on it after selling mortgaged property, is insufficient notice of nonpayment.

Notice of dishonor must be given after the note is dishonored by nonpayment when due, and not before it is due.  A note cannot be said to be dishonored by the maker until after it matures.  Notice given to an endorser before maturity and before default of the maker in anticipation of a default is a nullity.  Daniel on Neg. Inst., 6th Ed., by Calvert., sec. 1035.

In this case plaintiff testified: "I did not present the note to Mr. Wilson, or tell him that Honeycutt had failed to pay it, but I did tell his son the day before the note was due."

This is not notice of dishonor.  The motion to nonsuit is allowed.

Reversed.