STATE v. CLYDE STALEY AND FELIX STALEY.

(Filed 25 February, 1931.)

**Bail B e—Where defendant flees court after conviction, while at large under bail bond until judgment be pronounced, the surety on bond is liable.**

Where a bail or appearance bond in a criminal action provides that the defendant would appear for trial at a certain term of court, and "not depart the court without leave," the force of the bond continues until the

case is finally disposed of, and where the trial court after conviction of the defendant permits him to go at large under the security of the bond so given, without the knowledge of the absent surety, and the defendant leaves the jurisdiction of the court before judgment is pronounced, and so remains at large, the surety is liable on the bond according to its tenor and import.

BROGDEN, J., dissents.

APPEAL by Felix Staley from *Harding, J.,* at March Term, 1930, of WILKES. Affirmed.

The judgment of the court below is as follows:

"The court finds as a fact that one defendant, Clyde Staley, was indicted in the court, and that the surety, Felix Staley, became his surety on the bond in the sum of $300, for his appearance at the August Term, 1928, the bond set out in the record; that at the August Term, 1928, the defendant was called and failed to appear. Judgment *ni si* was entered, against the defendant and his surety. *Sci. fa.* was served on the surety, Felix Staley, and the same returned, and an answer was filed as set out in the record.

The court finds as a fact that Clyde Staley appeared on the first day of the August Term, 1928, was tried under the bill of indictment and verdict rendered of guilty. The defendant was ordered in custody by the presiding judge and placed in jail. Before judgment was pronounced counsel for defendant, Clyde Staley, stated to the court that the defendant was under good bond, and asked that he might go under the bond from day to day until judgment could be pronounced. The court granted the request of the counsel for the defendant, and the defendant was released from custody under the bond given for his appearance at the August Term, set out in the record; that during the term and before judgment was pronounced, the defendant fled the court; that the court was unable to procure judgment for the reason that the defendant fled the court without leave, and the defendant has not yet been apprehended; that the surety has not brought him into court since that time; that at the time counsel requested the court to permit the defendant to be released from custody until judgment could be pronounced under the bond that he had given, the surety was not in court and had no information that such request was made or granted; that defendant was called out at said term, *instanta sci. fa.* ordered, *sci. fa.* was issued and served *instanta* on the surety at the August Term, 1928, and answer filed at the August Term, 1928.

The court finds the foregoing facts upon investigating the record and from representations made to the court by the counsel for the defendant and counsel for the surety at this term."

STATE *v.* STALEY.

Upon the foregoing findings, judgment absolute was entered upon the *sci. fa.* against the surety, and the surety excepts and appeals to the Supreme Court. Notice of appeal waived in open court. Appeal bond fixed at $100. The case on appeal shall consist of the bill of indictment, the bond or undertaking given by the defendant, the *sci. fa.,* the answer to the *sci. fa.,* and the foregoing findings of fact."

The appearance bond is as follows: "We acknowledge ourselves indebted to the State of North Carolina in the sum of $300, jointly and severally, to be void if the said Clyde Staley and Felix Staley shall make personal appearance at the next term of the Superior Court to be held for the county of Wilkes, at the courthouse in Wilkesboro, on the first Monday this the ........ Monday in August, 1928, next, to answer an indictment for A. and D. W., and not depart the same without leave.

CLYDE STALEY.        (Seal.)

FELIX STALEY.        (Seal.)

Taken and subscribed before me this 16th day of June, 1928.

O. G. ELLEDGE, *Sheriff.*

By Geo. Holland, Deputy Sheriff."

The only assignment of error by Felix Staley: "That his Honor erred in signing judgment as set out in the record, rendering judgment absolute against the surety upon the *sci. fa.*"

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Chas. G. Gilreath for Felix Staley.*

CLARKSON, J. The appearance bond that Felix Staley signed as surety for Clyde Staley was to the effect that the said Clyde Staley should appear at the August Term, 1928, of the Superior Court of Wilkes County to answer an indictment for assault and with a deadly weapon "and not depart the same without leave." He appeared, was tried under the bill of indictment and found guilty, and ordered by the presiding judge into custody. Before judgment was pronounced, counsel for Clyde Staley stated to the court that he was under good bond and requested that he might go under the bond from day to day until judgment could be pronounced. The court granted the request and Clyde Staley was released from custody under the bond given for his appearance at the August Term, but, during the term and before judgment was pronounced, Clyde Staley fled and departed the court without leave.

Defendant Clyde Staley was called out at said term and *sci. fa.* was issued and served on the surety Felix Staley at said August Term.

The surety answered and contends that he is released from the bond, as Clyde Staley, after verdict of guilty was rendered against him, was ordered into custody and placed in jail and released without his knowledge or consent. We cannot hold, under the facts and circumstances of the case, that the bond was released. Felix Staley signed the bond with the clear provision that Clyde Staley should "not depart the same (court) without leave." Clyde Staley did depart without leave and thus violated the clear language of the bond which Felix Staley signed.

In *S. v. Hutchins,* 185 N. C., 694, a bond similar, with the provision "and shall not depart the court without leave" was given. Speaking to the subject, the Court, at p. 695, said: "In reference to bonds of this purpose and tenor, it has been uniformly held in this jurisdiction that they constitute a continuing obligation, and that neither principal nor surety is relieved until the cause is finally disposed of, or they are discharged by order of the court. *S. v. Eure,* 172 N. C., 875, and authorities cited. *S. v. White,* 164 N. C., 410; *S. v. Schenck,* 138 N. C., 560; *S. v. Morgan,* 136 N. C., 602; *S. v. Jenkins,* 121 N. C., 637; *S. v. Smith,* 66 N. C., 620."

It is a hard measure on the surety, but the bond which he signed in unmistakable language makes him responsible that the principal could not depart the court without leave, which the principal did. The judgment below is

Affirmed.

BROGDEN, J., dissents.