STATE v. WADIS BROWN AND SURETY, TAR HEEL BOND COMPANY, INC.

(Filed 30 October, 1940.)

1. **Bail § 4—**

    Judgment *nisi* may be made absolute against the surety upon the hearing of the *sci. fa.* notwithstanding that the *sci. fa.* has not been served upon the principal.

2. **Same—**

    Upon defendant's plea to an offense less than that charged in the warrant, judgment was suspended upon condition that defendant pay the cost. Defendant was given until Monday of the second week of the term in which to pay the cost. Defendant failed to appear when called Monday of the second week of the term. *Held:* Since defendant was permitted to remain at large under the bond until the second Monday of the term, his failure to appear at that time constitutes a forfeiture of his appearance bond, and the judgment *nisi* was properly made absolute against the surety upon the hearing of the *sci. fa.*

APPEAL by respondent Tar Heel Bond Co., Inc., from *Phillips, J.,* at May Term, 1940, of ROWAN. Affirmed.

Proceeding on appearance bond.

One Wadis Brown having been arrested on a charge of reckless driving, on 17 August, 1937, executed his appearance bond returnable to the September Term, 1939, Rowan Superior Court, with the respondent as surety thereon. The case was called for trial at the February Term, 1940, at which time the defendant entered a plea to an offense less than that charged in the warrant and judgment was suspended upon condition that the defendant pay the cost. The defendant was given by the

court until Monday of the second week in which to pay the cost. On Monday of the second week the defendant was duly called and failed to answer. Thereupon, judgment *nisi* was entered and *sci. fa.* and *capias* was ordered. The *sci. fa.* was served upon the surety-but not upon the principal. The surety, in response to the *sci. fa.* served, appeared and answered. When the matter was heard upon the return of the *sci. fa.*, after consideration of respondent's answer, judgment absolute was entered. Respondent excepted and appealed.

*T. G. Furr, Attorney-General McMullan, and Assistant Attorney-General Patton for the State.*
*C. P. Barringer for respondent, appellant.*

BARNHILL, J.  The appellant contends that it was error for the court to enter judgment absolute on the *sci. fa.* until such *sci. fa.* had been served on the principal and that, therefore, the judgment pronounced is voidable and unenforceable. The question thus sought to be presented is decided by this Court in *Bond Co. v. Krider, ante,* 361. The decision in that case is controlling. As the defendant Brown was permitted to remain at large under the bond until the second Monday of the court, his failure to appear constitutes a forfeiture thereof. *S. v. Staley,* 200 N. C., 385, 157 S. E., 25.

Affirmed.