TAR HEEL BOND COMPANY, a CORPORATION, v. J. H. KRIDER, SHERIFF OF ROWAN COUNTY, NORTH CAROLINA.

(Filed 30 October, 1940.)

1. **Bail § 4—Judgment may be had upon sci. fa. against surety on appearance bond prior to service of sci. fa. upon principal.**

   An appearance bond is a debt of record conditioned to be void upon the appearance of defendant, and while judgment absolute may not be entered upon a forfeited recognizance except upon a *sci. fa.*, C. S., 4585, the object of the *sci. fa.* is merely to give notice and an opportunity to show cause why the cognizee should not have execution acknowledged, and the surety being a party to the recognizance and his liability being primary, direct and equal with that of the principal, judgment absolute may be had against the surety on the *sci. fa.* before service of the *sci. fa.* upon the principal. C. S., 4585.

2. **Same—Subsequent arrest of defendant under a capias does not discharge original forfeiture of appearance bond.**

   The arrest of defendant in a criminal proceeding upon a *capias* and his trial and conviction does not discharge the original forfeiture of his appearance bond, and judgment absolute against the surety may be entered upon the *sci. fa.* after defendant has been arrested under the *capias.* C. S., 4594, has no application, since in such case the defendant is not arrested and surrendered by the surety, and further, even if the statute were applicable, it provides that surrender by the bail after

recognizance is forfeited does not discharge the bail, but is merely a circumstance which the court may consider in the exercise of its discretionary power to reduce or remit the forfeiture. C. S., 4588.

3. **Same—**

A motion by the surety asking that the forfeiture theretofore entered upon the appearance bond be stricken out for that defendant had been subsequently arrested under a *capias* is addressed to the sound discretion of the court in the exercise of its power to remit the forfeiture, C. S., 4588, and does not serve to stay execution on the judgment entered against the surety upon the *sci. fa.*, and therefore the court, while the motion is pending, may hear and determine the surety's application for injunction to restrain enforcement of the execution issued on the judgment. *Semble:* The remedy for a reduction or remission of the forfeiture is by application under C. S., 4588.

APPEAL by plaintiff from *Phillips, J.,* at May Term, 1940, of ROWAN. Affirmed.

Civil action to restrain the enforcement of an execution issued on a judgment rendered against plaintiff as surety on the appearance bond of one James Nance.

On 21 October, 1938, James Nance, having been arrested on a warrant charging him with violation of the prohibition law, executed his appearance bond with the plaintiff as surety thereon. When the cause was reached for trial at the May Term, 1939, the said James Nance was duly called and failed to appear. Thereupon, judgment *nisi* on the bond was entered and *sci. fa.* and *capias* ordered. The *sci. fa.* having been served upon the plaintiff herein it filed answer thereto. Upon the call of the *sci. fa.* docket at the September Term, 1939, after considering the answer of the bondsman, judgment absolute on the bond was pronounced for one-half of the amount thereof and the *sci. fa.* cost.

James Nance was arrested in June, 1939, under the *capias* issued at the May Term and arranged other bond. At the November Term, 1939, he was tried and convicted and paid the fine and cost imposed.

At the November Term, 1939, plaintiff filed motion asking that the forfeiture theretofore entered be stricken out. The hearing of this motion was continued from time to time, largely through the fault of the plaintiff.

On 21 January, 1940, execution was issued against the plaintiff for the collection of the amount due on the judgment absolute. Plaintiff, on 10 April, 1940, instituted this action to restrain the enforcement of the execution.

When the cause came on to be heard on the notice to show cause the court below entered judgment dissolving the temporary restraining order theretofore issued and dismissing the action. Plaintiff excepted and appealed.

*C. P. Barringer for plaintiff, appellant.*

*T. G. Furr and Attorney-General McMullan and Assistant Attorney-General Patton for defendant, appellee.*

BARNHILL, J.   The plaintiff herein seeks to present three questions: (1) Was it error for the court to enter judgment absolute upon the bond before the service of *sci. fa.* upon the principal, James Nance? (2) Did the subsequent arrest of James Nance under the *capias* issued by the court discharge his bond upon which plaintiff was surety?   (3) Was it error for the court below to hear and determine the application for an injunction on its merits while plaintiff's motion, entered subsequent to the judgment absolute, was pending and before ruling on the merits of the motion?

*First.*   A recognizance duly entered into is a debt of record, and the object of a *scire facias* is to notify the cognizor to show cause, if any he have, wherefore the cognizee should not have execution of the same thereby acknowledged.   Under the common law when a recognizance was acknowledged with a condition to be void upon the appearance of the cognizor or any other person in court and the party did not answer, the default was recorded and thereby the recognizance became absolute or forfeited.   Thereupon, the cognizee might have immediate recourse to the property of the cognizor for the satisfaction thereof.   However, the ordinary procedure was to sue out a *scire facias* thereon, and our act of 1777, ch. 115, sec. 48, now C. S., 4585, makes it imperative that before suing out execution on a forfeited recognizance a *scire facias* shall issue and judgment be had thereon.   The recognizance is of the nature of a conditional judgment and the recorded default makes it absolute subject only to such matters of legal avoidance as may be shown by plea, or to such matters of relief as may induce the court to remit or mitigate the forfeiture.   *S. v. Mills,* 19 N. C., 552.

The remedy upon a forfeited bond is summary in nature by forfeiture and the forfeiture creates an absolute debt of record in the nature of a judgment.   17 C. J., 376.   The surety's obligation is primary, original and direct.   50 C. J., 70.   He is the original promisor and debtor from the beginning.   Brandt on Suretyship & Guaranty (3d), sec. 2; *Rouse v. Wooten,* 140 N. C., 557; *Shaw v. McFarlane,* 23 N. C., 216; *Gatewood v. Burns,* 99 N. C., 357; *Pritchard v. Mitchell,* 139 N. C., 55.   He is in the first instance answerable for the debt for which he makes himself responsible and is directly and equally bound with his principal.   *Rouse v. Wooten, supra.*   He is primarily liable as a maker.   *Edwards v. Ins. Co.,* 173 N. C., 614; *Horton v. Wilson,* 175 N. C., 533, 95 S. E., 904; *Bank v. Whitehurst,* 203 N. C., 302, 165 S. E., 793; *Dry v. Reynolds,* 205 N. C., 571, 172 S. E., 405; *Bank v. Richards,* 37 Vt., 284; *Ballard*

*v. Burton,* 16 L. R. A., 667. The text writers are explicit in assigning the undertaking of a surety to the class of primary liabilities. A surety is liable as much as his principal is liable, and absolutely liable as soon as default is made, without any demand upon the principal whatsoever. 2 Daniel Neg. Inst. (5d), sec. 1753; Tiedeman on Commercial Paper, sec. 415.

Plaintiff appeared in response to the *sci. fa.* issued, filed answer and was duly heard. He cannot now complain that the principal in the bond was not likewise served with *sci. fa.* Even so, such contention is without merit. To hold otherwise would tend to destroy the effectiveness of an appearance bond. It would be discharged if the defendant appeared and unenforceable if he disappeared.

Plaintiff was a party to the recognizance. Therefore, the position here assumed is not in conflict with the provisions of C. S., 4585; and C. S., 4587, merely provides a method of substituted service when the party cannot be found.

*Second.* Upon entry of judgment *nisi* the debt of the surety on the bond matured subject to his right to be heard after the issuance and service of *sci. fa.* He was duly heard and judgment absolute was entered. At that time Nance had already been arrested. This fact was used as a defense in plaintiff's answer to the *sci. fa.* It was a matter which addressed itself to the sound discretion of the court in the exercise of its power to reduce or remit a forfeiture and the court, no doubt influenced largely by this fact, did reduce the forfeiture by one-half. C. S., 4588.

The subsequent arrest, trial and conviction of the defendant Nance did not serve to discharge his original forfeiture. C. S., 4594, has no application. Nance was arrested under *capias* issued by the court. He was not arrested and surrendered by his surety. Furthermore, this section provides that in criminal proceedings the surrender by the bail after the recognizance is forfeited shall not have the effect to discharge the bail, but the forfeiture may be remitted in the manner provided for. There is an absolute discharge only when the principal is surrendered by the surety before forfeiture.

*Third.* The plaintiff's motion filed after judgment absolute presented no new matter for consideration of the court other than that the defendant Nance, who was arrested prior to the hearing on the *sci. fa.,* was subsequently tried and convicted and paid his fine and cost. It undertakes to show further that *Gwyn, J.,* out of term and while the cause was not properly pending before him, expressed a written opinion that the surety was entitled to a remittance of the forfeiture. This motion was addressed to the sound discretion of the court in the exercise of its power

to remit forfeitures.　C. S., 4588.　It did not serve to stay execution on the judgment.

While we have considered the questions the plaintiff seeks to present, we are inclined to agree with the defendant in his contention that the complaint or petition is wholly insufficient to sustain injunctive relief. Plaintiff was duly heard on the *sci. fa.*　He did not except or appeal from the judgment rendered.　His remedy for a reduction or remission of the forfeiture is provided by C. S., 4588, under which relief may be granted even after payment of the forfeiture.

The judgment below is

Affirmed.