STATE *v.* BROCK.

APPEAL by defendant from *Harris, J.,* March Term, 1951, of EDGE-COMBE. Affirmed.

The defendant was indicted for secret assault on J. D. Wyatt and several others, 16 September, 1949 (G.S. 14-31).

There was verdict of guilty of assault with a deadly weapon, and from judgment imposing sentence defendant appealed, assigning error in the denial of his plea of former jeopardy and in the admission of certain testimony.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., Member of Staff, for the State.*
*Robert S. Cahoon for defendant, appellant.*

---

STATE v. DAVID BROCK, DEFENDANT, AND NATIONAL SURETY
CORPORATION, SURETY.

(Filed 31 October, 1951.)

**1. Appeal and Error § 6c (3)——**

An exception to the "foregoing findings of fact" without pointing out any specific finding to which exception is taken is a broadside exception and is insufficient to challenge the sufficiency of the evidence to support the findings or any one or more of them.

**2. Arrest and Bail § 8——**

The fact that a mistrial has been ordered does not relieve the defendant of his obligation to appear at a later term after personal notice to do so, and will not support his contention that he had theretofore been put in jeopardy and was under no obligation to appear because the court had no further jurisdiction over him or the case, and forfeiture of his bail may be had for his failure to appear at the later term.

STATE *v.* BROCK.

**3. Same—**

Subsequent arrest of defendant on a capias and the filing of a new bond does not relieve the surety on the previous bond of liability for failure of defendant to appear as required by law.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Harris, J.,* March Term, 1951, of EDGE-COMBE. Affirmed.

Judgment absolute on bail bond.

The defendant Brock was arrested charged with secret assault, and the defendant Surety Corporation signed bond 16 September, 1949, for his appearance at next term of Superior Court for Edgecombe County to answer indictment for secret assault and not depart same without leave. A mistrial of the case was ordered at October Term, 1949, and the case was continued from time to time until November Special Term, 1950, when the case was called and the defendant failed to appear. Judgment *nisi* was entered and *sci. fa.* and capias were ordered. *Sci. fa.* was served on defendant and his surety. Capias was served on defendant Brock 13 November and he gave a new appearance bond.

Defendant and his surety filed answer to the *sci. fa.* 4 December, 1950, alleging that Brock had at all times complied with the conditions of his bail, had at all times appeared in court when obligated to do so either in law or under the terms of his bail bond and had not departed the same without leave.

Judgment absolute for the penalty of the bail bond was entered against Brock and his surety March Term, 1951, of Edgecombe Superior Court, the judgment reciting that Brock was personally notified to appear at November Special Term as his case had been calendared for trial at that term; that he failed to appear, and was called out in open court 8 November, and *sci. fa.* issued against him and his bail; that answer was filed thereto as set out in the record; that capias was served on Brock 13 November, and that he could not be found prior to that date. The court further found that Brock without just cause willfully absented himself from court and failed to appear as he was bound to do. It was ordered that the judgment *nisi* heretofore entered against the defendant and his bail be made absolute for the amount of the bond.

Defendant and the National Surety Corporation excepted "to the foregoing findings of fact and judgment."

It further appears from the record that the notation in defendants' case on appeal that the findings of fact and judgment were made by the court without hearing evidence and over defendants' objection, was corrected by the State's exception to defendants' case on appeal, which exception became part of the record. From this it appears that at the hearing in

the Superior Court on the motion for judgment absolute, it was stated in open court in the presence of attorney of record for defendant and National Surety Corporation that the only defense set up in the answer was a general denial of failure to comply with the obligation of the bond, and that the State was ready to show by witnesses that Brock did not appear at November Special Term, 1950, though personally notified of the day and hour to appear. Upon inquiry by the court of defendants' counsel whether the solicitor's statement was controverted, defendants' counsel advised the presiding judge in open court that he did not controvert those facts but that it was his contention that Brock had been theretofore put in jeopardy and was under no obligation to appear as the court had no further jurisdiction over him or the case. Thereupon the court made the findings and rendered the judgment above set out.

Defendant Brock and National Surety Corporation appealed.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Robert S. Cahoon for defendant David Brock and National Surety Corporation, surety, appellants.*

DEVIN, C. J. On the record before us the judgment absolute decreeing forfeiture of defendant Brock's bail bond, on which National Surety Corporation was surety, must be affirmed.

The writ of *scire facias* served on the defendant and his surety recited that judgment *nisi* had been rendered against them and they were commanded to appear and show cause if any they had why the judgment should not be made absolute. They answered with general denial of liability. When the matter came on regularly for hearing and the solicitor had indicated his readiness to offer evidence of defendant Brock's failure to appear, the court asked counsel for defendant and his surety whether these facts were controverted, to which counsel replied, in substance, that they were relying on defendant's plea of former jeopardy.

Thus it appears that the material facts which the court found and upon which judgment was rendered were not controverted. Hearing evidence thereon was waived. The record before the Presiding Judge showed that the defendant Brock had been duly called and failed to answer, that judgment *nisi* had been entered, and capias ordered at November Special Term, 1950.

Furthermore, appellants' general exception "to the foregoing findings of fact" failed to point any specific finding to which exception was taken, and may be regarded as a broadside exception. "Such exception presents nothing for review." *Hoover v. Crotts,* 232 N.C. 617, 61 S.E. 2d 705. "It is insufficient to challenge the sufficiency of the evidence to support

the findings, or any one or more of them." *Weaver v. Morgan*, 232 N.C. 642, 61 S.E. 2d 916.

The fact that a mistrial was ordered and the case continued at October Term, 1949 (*S. v. Brock, ante,* 390), did not relieve the defendant or his surety from his obligation to appear at a later term while the case was still pending. *S. v. Eure,* 172 N.C. 874, 89 S.E. 788. Nor would the subsequent arrest of Brock on a capias and the filing of a new bond relieve the surety. *Tar Heel Bond Co. v. Krider,* 218 N.C. 361, 11 S.E. 2d 291.

Judgment affirmed.

VALENTINE, J., took no part in the consideration or decision of this case.