## STATE v. JAMES DEW AND STATE-WIDE BAIL, INC.

(Filed 22 September, 1954.)

**1. Arrest and Bail § 8—**

Where the surety's answer to a *scire facias* amounts to nothing more than a plea for additional time, without allegation of facts disclosing excusable neglect or constituting a legal defense or appealing to the conscience and sense of fair play, judgment absolute against the surety is proper.

**2. Same—**

The liability of a surety on an appearance bond is primary, and therefore service of *scire facias* on the principal is not a prerequisite to judgment absolute against the surety.

**3. Same—**

The service of a *scire facias* on the surety gives the surety notice to appear at the next term of court, and no other notice by the judge, the solicitor, or calendar is necessary, it being a term-time matter.

**4. Same—**

Where the original answer to a *scire facias* presents no legal defense or matters appealing to the conscience or sense of fair play, and there is no exception to the court's refusal to permit the surety to file an unverified, amended answer setting forth a legal defense, the refusal of the court to grant the surety's verified motion to vacate the judgment absolute on the

bond will not be held for prejudicial error, since upon the record if the judgment were vacated the State would be entitled to have the same judgment re-entered.

**5. Appeal and Error § 23—**

Assignments of error must be filed in the trial court and certified with the case on appeal. An assignment of error filed initially in the Supreme Court will be disregarded. G.S. 1-282.

**6. Appeal and Error § 38—**

Where the record is silent upon a particular point, the action of the trial court will be presumed correct.

**7. Arrest and Bail § 8—**

Where judgment absolute has been entered against the surety on an appearance bond, the surety is entitled upon the later apprehension and delivery of the defendant to the authorities of that county for trial, to be heard under the provisions of G.S. 15-116 upon its motion to modify or vacate the judgment absolute.

APPEAL by the surety on defendant's appearance bond from *Morris, J.,* May Term 1954, WILSON. Affirmed.

Criminal indictment, heard on motion to vacate or modify judgment absolute entered against the surety on defendant's appearance bond.

A true bill of indictment charging the commission of a felony was returned against the defendant at the December 1953 Term of the Superior Court of Wilson County. He was apprehended and executed bond for his appearance at the February 1954 Term of court. State-Wide Bail, Inc. executed the bond as surety.

The defendant failed to appear at the February 1954 Term as he was bound to do. He was duly called and failed to answer. Thereupon the court entered judgment *nisi* on the bond and directed that a *scire facias* and capias be forthwith issued. The *scire facias,* returnable on 3 May 1954, the first day of the May Term, was duly served on the surety. On 8 April 1954 the surety filed with the clerk a paper writing which purports to be an answer to the *scire facias.* On 3 May 1954, the return date of the *scire facias,* judgment absolute on the appearance bond was duly entered against the surety. Neither the surety nor its attorney was in court at the time. Counsel had gone to Winston-Salem to attend to other business.

After some little negotiation by telegram, telephone, and otherwise, between counsel, the solicitor, and the judge, counsel for the surety was notified that he might appear on 11 May and present any legal defense set forth in *S. v. Pelley,* 222 N.C. 684, 24 S.E. 2d 635, and to show that the defendant failed to appear for the reason he was then serving a sentence in another jurisdiction, if such showing could be made, but that the

judge would not hear a motion to vacate or modify the judgment absolute which was addressed solely to his discretion; that he would decline to exercise his discretion in favor of the surety at that time.

On 11 May 1954, counsel for the surety appeared, tendered a proposed amendment to his original answer, and filed a motion to vacate the judgment and for an extension of time within which to apprehend and produce the defendant, or, in any event, that the surety "be heard in mitigation of forfeiture under such terms as may be fair and just."

In the proposed unverified amendment to the answer it is alleged that at the time the defendant defaulted he was serving a sentence in another jurisdiction; that he was thereafter apprehended and returned to the Wilson County jail; that he is now serving a sentence imposed in Wayne County; and that he will be delivered to the officers of Wilson County so soon as he completes the sentence he is now serving.

The court made an entry at the foot of the proposed amendment to the answer as follows: "This amended answer tendered and declined and motion to strike judgment is declined. This May 11, 1954. Morris, J." The surety did not except.

The record fails to disclose that any hearing was had on 11 May or that the surety tendered any evidence as to the whereabouts of the defendant at the time he failed to appear or at any subsequent time or any other evidence whatsoever for the consideration of the court.

On 24 May 1954 the defendant gave written notice of its exception to the order entered by the court below and of its appeal to the Supreme Court. Service thereof was accepted by the solicitor.

*Charles L. Abernethy, Jr., for appellant.*
*Luke Lamb for appellee.*

BARNHILL, C. J. The records in this and companion cases now pending in this Court are in a state of confusion. We may only surmise what happened in the court below. The clerk first certified the record proper and assignments of error, and the appeal was docketed here. Appellant thereafter filed with the Clerk of this Court what purports to be an agreed case on appeal. It likewise filed here its "Assignment of Error No. 7."

There is nothing in the record to indicate that the surety offered any evidence, either oral or documentary, in support of its motion to vacate the judgment absolute to the end the surety might have additional time in which to locate and produce the defendant. Yet the trial calendar for that two weeks' criminal term of court, telegrams, summaries of telephone conversations, and other extraneous matter are included.

When the record is boiled down to its essentials, it becomes apparent that the one and only question of law presented for consideration is this:

Did the court below commit error when it declined to consider the motion to vacate or modify the judgment absolute in so far as it was directed to the discretionary authority of the court and limited the hearing to such evidence as tended to establish a legal defense or to show that the defendant, at the time the judgment *nisi* was entered, was in prison in some other jurisdiction? In other words, was the bondsman entitled to a hearing under G.S. 15-116 as a matter of right?

Ordinarily we might answer in the affirmative. On the particular facts appearing in this record we are constrained to say. that if it was the duty of the court at that time to hear and rule on the motion in the exercise of his discretion, his refusal so to do did not prejudice the defendant.

The original answer to the *scire facias* fails to disclose excusable neglect on the part of the surety or its attorney. Nor does it contain any allegations of fact which would constitute a legal defense or appeal to the conscience and sense of fair play of the judge. In fact, it is nothing more than an appeal for additional time. The verified motion is lacking in merit. The defendant was at the time a fugitive from justice and there were several other cases on the docket in which judgments absolute had been entered against the appellant and were still unsatisfied.

The liability of a surety on an appearance bond is primary. Service of the *scire facias* on the principal is not a prerequisite to a judgment absolute against the surety. *Tar Heel Bond Co. v. Krider,* 218 N.C. 361, 11 S.E. 2d 291; *S. v. Brown,* 218 N.C. 368, 11 S.E. 2d 294.

The *scire facias* served on the appellant gave it ample notice that it was required to appear on the first day of the May Term and show cause, if any it had, why judgment absolute should not be entered. Neither the fact there was a trial calendar nor the fact there was no *scire facias* calendar prepared for the term imposed on the judge or the solicitor any obligation to give appellant or its attorney any additional notice. It was a term-time matter. Appellant had notice the cause was pending for motion for judgment absolute, and it knew that the defendant had not been apprehended. It was its duty to attend to the business at hand or else suffer the consequences.

So then, at the time the court declined to vacate the judgment there was no fact or circumstance disclosed to the court in appellant's pleadings filed which, if true, would constitute a legal defense or appeal to the discretionary authority of the judge. Should we now direct the court below to vacate the judgment, the State would have the right to demand the immediate entry of its counterpart. Why should we do a vain and useless thing?

Assignments of error may not be filed, in the first instance, in this Court. They must be filed in the trial court and certified with the case

on appeal. G.S. 1-282. Therefore, appellant's purported assignment of error No. 7 presents no question for this Court to consider and decide. In any event, as the record is silent on the question, we must assume that the judge had ample cause for entering that part of the judgment to which this assignment is directed.

Should the surety hereafter apprehend the defendant and deliver him to the authorities of Wilson County for trial in this case, it may still be heard under the provisions of G.S. 15-116. *S. v. Bradsher,* 189 N.C. 401, 127 S.E. 349; *S. v. Clarke,* 222 N.C. 744, 24 S.E. 2d 619; *Tar Heel Bond Co. v. Krider, supra; S. v. Brown, supra.*

If the defendant was in fact in the custody of the Wilson County authorities or of the State Highway and Public Works Commission at the time he was called and judgment *nisi* was entered, this would constitute a legal defense and appellant may now enter its motion to vacate the judgment absolute with the assurance it will be afforded an opportunity to establish that fact. *S. v. Eller,* 218 N.C. 365, 11 S.E. 2d 295.

The judgment entered in the court below is

Affirmed.