STATE *v.* JENKINS.

APPEAL by the surety on defendant's appearance bond from *Morris, J.,* May Term 1954, WILSON. Affirmed.

Criminal indictment, heard on motion to vacate or modify judgment absolute entered against the surety on defendant's appearance bond.

A true bill of indictment charging the commission of a felony was returned against the defendant at the December 1953 Term of the Superior Court of Wilson County. She was apprehended and executed bond for her appearance at the February 1954 Term of court with State-Wide Bail, Inc. as surety. At said term judgment *nisi* was entered. *Scire facias* returnable on the first day of the May Term was served on the surety. Judgment absolute was entered 3 May 1954. The surety appeared and moved to vacate said judgment. The motion was denied and said surety appealed.

*Charles L. Abernethy, Jr., for appellant.*
*Luke Lamb for appellee.*

STATE v. JACK JENKINS AND STATE-WIDE BAIL, INC.

(Filed 22 September, 1954.)

APPEAL by the surety on defendant's appearance bond from *Morris, J.,* May Term 1954, WILSON. Affirmed.

Criminal indictment, heard on motion to vacate or modify judgment absolute entered against the surety on defendant's appearance bond.

A bill of indictment charging the commission of a felony was returned against the defendant at the October 1953 Term of the Superior Court

of Wilson County. He was apprehended and executed appearance bond with State-Wide Bail, Inc. as surety. At the December 1953 Term defendant was called and failed to appear, and judgment *nisi* was entered. *Scire facias* returnable on the first day of the May Term was issued 19 March 1954 and served on the surety. Judgment absolute was entered 3 May 1954. The surety appeared and moved to vacate said judgment. The motion was denied and said surety appealed.

*Charles L. Abernethy, Jr., for appellant.*
*Luke Lamb for appellee.*

PER CURIAM. The facts in this case are substantially on all fours with the facts in *S. v. Dew, ante,* 595, except that the appellant, in a proposed amended answer, alleges. that this defendant was apprehended and returned to the Wilson County jail on 31 March 1954. What is said in that case is controlling here. While the subsequent arrest of the defendant does not, *ipso facto,* discharge the original forfeiture, *Tar Heel Bond Co. v. Krider,* 218 N.C. 361. 11 S.E. 2d 291; *S. v. Brown,* 218 N.C. 368, 11 S.E. 2d 294, the door is still open to the defendant to appeal to the court for a modification of the judgment absolute for the reason the defendant has been apprehended and surrendered to the Wilson County authorities.

The judgment of the court below is
Affirmed.