STATE OF NORTH CAROLINA v. OLLEN B. HARRELL, ALIAS JAMES HARRELL, ALIAS JIMMIE HARRELL, AND STATE-WIDE BAIL, INC.

(Filed 15 December, 1954.)

**Arrest and Bail § 8—**

> Neither the solicitor nor the court is under duty to advise the surety on an appearance bond of the progress of the case in court, the surety being entitled only to notice of default given by service of the *sci. fa.*

APPEAL by State-Wide Bail, Inc., from *Fountain, Special J.*, August Term 1954, CUMBERLAND. Affirmed.

Criminal prosecution, heard on motion of defendant's surety on his appearance bond to vacate and set aside judgment absolute on the bond. The motion was denied and said surety appealed.

*Charles L. Abernethy, Jr., for appellant, State-Wide Bail, Inc.*

*Coy E. Brewer and Robert H. Dye for plaintiff appellee.*

PER CURIAM. At the December Term 1953, the court did nothing more than to accept defendant's plea of guilty to a bill of indictment charging the crime of embezzlement. There is nothing in the record which indicates or suggests that the defendant was taken into custody or that defendant's appearance bond, which is admittedly continuing in nature, was discharged. Neither the solicitor nor the court was duty bound to keep appellant advised of the progress of the case in court. It was only entitled to notice of default which was given by the service of a *sci. fa.* Hence, appellant's answers assert no valid grounds for vacating the judgment absolute. The judgment denying the motion must be affirmed on authority of *S. v. Dew,* 240 N.C. 595.

Affirmed.